CREEVY
*v.*
CUMMINGS.

---

## MURRELL *v.* FOWLER et al.

Two contiguous city lots, belonging to the same proprietor, were purchased by different persons at a judicial sale. On one of them there was a brick building, the foundation of one of whose walls projected under the surface of the other lot, though the wall itself did not extend over any part of it. The purchaser of the latter having made use of this wall in the erection of a building: *Held,* that the owner of the first lot was entitled to recover of him one half of the value of the wall, and one half of the value of the ground upon which it was built; and that the projection of the foundation by the original owner, does not impair the right of the purchaser to indemnity for the use made of his land and wall.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J, L. *Peirce,* for the plaintiff. *Josephs,* for the appellants. The judgment of the court was pronounced by

MURRELL
v.
FOWLER.

EUSTIS, C. J. The plaintiff and the defendants are the owners of two adjacent city lots, which they purchased at the same time at a public sale of the estate of a bankrupt. On the plaintiff's lot there was a three story brick building, and the defendants having made use of the wall contiguous to their lot, the plaintiff instituted this action to recover one half of the value of the wall, and one half of the value of the land upon which it is built. There was judgment for the plaintiffs, and the defendants have appealed.

The defence is that, by the destination of the original proprietor, as well as by presumption of law, the wall was what is called a common wall between the proprietors of the adjacent lots. The use which the owner has established on one part of his property in favor of another part, is equivalent to a title with respect to *perpetual* and *apparent* servitudes which may be acquired by title; and in relation to those servitudes, permanence of destination and the *caractère de perpetuité* are essential requisites of their establishment. *Durel* v. *Boisblanc*, 1 An. Rep. 408. The building which was upon the defendants' lot at the time of the purchase, we think, under the evidence, did not possess those requisites, and had not the effect of creating the *destination du père de famille*, even supposing such an effect were possible under the law. Even conceding the theory of the presumption of *mitoyenneté* to exist in relation to walls of separation in our cities and towns, which we do not decide, we think any such presumption is repelled by the situation and condition of the property at the time it was occupied by the original owner. The wall is entirely on the land of the plaintiff. It is two bricks thick in the first story, and one a half in the second and third, the foundation, however, projecting seventeen inches at its base under the surface of the defendants' lot. The defendants' have thus the benefit of a portion of the plaintiff's land, and the use of his wall, for which, in their building contract for the stores they have erected, about $500 was allowed by the undertaker. The district judge, under article 680 of the Code, allowed the plaintiff the value of one half of the wall and of nine inches of ground; and we think the defendants can be permitted to hold and use the wall on no other conditions.

It is contended that article 680 is not applicable to the present case, because the foundation is not entirely on the plaintiff's own estate. Without adverting to the discrepancy between the french and english texts of that article, and to the obvious fact that a high wall cannot be erected on the line of a lot on our farms and alluvial soil without the projection of the foundation on the adjacent land, the objection appears to us to be answered by an argument presented by the counsel for the defendants on another branch of the case, in which they urge, with much truth, that both plaintiff and defendants bought the property as it stood, and neither can complain with any show of reason of the owner's having caused the foundation of this common wall to be laid in partial and unfair proportions on either lot.

The evidence does not show the wall to have been a common one; but the projection of the foundation by the original owner, we do not think impairs the rights of the plaintiff for indemnity, for the use which the defendants have made of his land and wall, without agreement or condition.

*Judgment affirmed.*