## W. T. Davis v. A. Grailhe.

A party who exercises his right of making a wall, one in common, cannot resist the demand of his neighbor who erected the same, for one-half of its value, although he may have a claim to the soil upon which more than one-half of the wall was built.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Durant & Hornor*, for plaintiff.    *J. & E. Bermudez*, for defendant and appellant.

Cole, J. Plaintiff sues to recover from defendant the value of one-half of a party-wall, with interest from the 1st of October, 1856, the day the latter exercised the right of making petitioner's wall one in common.

Defendant knew, when he commenced building his house, that more than one-half of the wall built by plaintiff was on this land. He was also present when the wall was being erected, and made no objection.

Plaintiff appears to have acted in good faith.

The District Court was of opinion that the defendant was liable for one-half of the cost of the wall, without prejudice to the ownership of the land upon which it is built. Defendant has appealed.

Plaintiff having erected his house before the defendant built his, was entitled to rest one-half of his wall on the land of defendant. He could not, however, have compelled his neighbor, the defendant, to have contributed to the raising of the wall. If the latter had been willing to have contributed one-half of the expense for its erection, then it would have become a wall in common between the plaintiff and defendant. The latter having not offered to contribute, still preserved the right of making it a wall in common, by paying to the plaintiff the half of the cost of its construction.   C. C. Art. 671, 672.

When the defendant became cognizant that more than one-half of the wall was upon his land, he had the right to keep it, or to compel the plaintiff to take away and demolish the part of the wall on his land, which exceeded one-half of its width.

In the former event, he would have owed to the plaintiff the reimbursement of the value of its materials and of the price of workmanship, without any regard to the greater or less value which the soil might have acquired thereby. In the latter case, the part of the wall on his land, exceeeding one-half of its width, would have been demolished at the expense of plaintiff, without any compensation.   C. C. Art. 500.

Supposing that, under Article 680, defendant has the right of making the plaintiff pay the excess of his soil occupied by the wall over one-half of the width of the wall, still he has not brought himself within the provisions of this Article, or that of Article 500.

He has exercised the right of making the wall one in common, when he knew that it was built, as he admits in his answer, more on his land than it ought to have been. He did not, however, before building his house and using the wall of plaintiff, as one in common, avail himself of his privileges, and upon the trial, he did not even prove the value of his soil, exceeding one-half of the width of the wall, which is occupied by it. Under these circumstances, plaintiff cannot be prevented from recovering one-half of the value of the wall, without prejudice to any rights that defendant may have to the soil upon which more than one-half of

the wall is built. Pardessus, Servitudes, No. 154; Solon, Traité de Servitudes réelles, No. 141. 1 Delvincourt, p. 554; 2 Marcadé, p. 581, *Bouchard* v. *Croc* ; Sirey, 1838, 2, 159.

Judgment affirmed, with costs.

VOORHIES, J., absent.