## No. 12,541.

ANTONIO MONTELEONE VS. MRS. J. M. HARDING ET ALS.

The wall built by plaintiff was made a common wall by the owners of the lot adjacent, who used it as one of the sides of their building.

The trespass and encroachment charged, in that plaintiff had exceeded by about two inches, the nine inches allowed to one who builds a wall on a dividing line, was not sustained.

The defendants having made use of the wall as a support for their own building are indebted for one-half of the cost of construction.

The intervenors, an insurance company, were subrogated to the right of plaintiff, when it paid plaintiff the value of one-half of the old party wall, which had not been insured.

An amount equal to the value of the old wall was allowed to the intervenor in accordance with decree in Monteleon vs. Insurance Company, 47 An. 156. The remainder due by the defendants to plaintiff is an amount to which plaintiff has a right, it being for costs of construction to which intervenors had not been suborgated, as it was additional cost of the new wall.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

---

*Albert Voorhies* for Plaintiff, Appellant.

---

*Dart & Kernan* for Defendants, Appellees.

---

*Farrar, Jonas & Kruttschnitt* for Royal Insurance Company, Intervenor, Appellee.

---

Argued and submitted February 24, 1898.

Opinion handed down March 7, 1898.

Rehearing refused June 28, 1898.

The opinion of the court was delivered by

BREAUX, J.  This suit was brought by the plaintiff for two thousand three hundred and seventy-six dollars and forty-three cents, alleged proportion due by the defendants of the value of a wall separating the property of plaintiff and defendants.

The answer traverses the allegations of plaintiff's petition and specially pleads that there was no necessity of demolishing the old and substituting a new wall; that plaintiff substituted a wall of greater width and encroached thereby upon their property, some two and a half inches.

The prayer was for a judgment condemning the plaintiff to remove the wall to its former limits, and denying all liability.  Alternatively in case of judgment in plaintiff's favor then that respondents have an offset and deduction (from such sum as may be found due) for value of the old wall owned in common.

The Royal Insurance Company intervened and alleged that it had insured plaintiff's building; that it was destroyed by fire within the terms and life of the policy, and that thereafter he brought suit against it and recovered judgment from the company for eight thousand dollars; that one of the elements of loss recovered by him was the value of the whole party wall separating his property from that of the defendants here, and that he got the sum of four thousand one hundred and fifty-seven dollars and fifteen cents as the value of the wall; that the judgment rendered under which this amount was collected included one-half of the value of the party wall which Monteleone was seeking to recover from the defendant in the suit before us for determination; that intervenors, the insurance company, had paid and satisfied the judgment rendered against it, as just stated, and that by the payment it was subrogated by law to the claims of Monteleone against the adjacent proprietors for one-half of the value of the party wall; that the right of subrogation was recognized by the judgment of this court, citing 47 An. 1563.  The intervenor claimed an amount alleged as being equal to one-half of the value of the party wall owned by the proprietors of adjacent property, defendants in this suit.

The defendants filed a general denial in answer to the petition of the insurance company, intervenors.  The plaintiff, Monteleone, alleged is his answer to the intervention, substantially, that he had not insured the whole party wall, but that he had only insured the

half of which he was the owner, and that he had only recovered its value and not the value of the entire wall; that the reservation of this court in the case cited *supra* was not as extensive as the intervenor alleged. The judgment of the District Court was partly in favor of plaintiff and against the defendants, and partly in favor of the intervenor against defendants.

We conclude from the argument at bar and the brief that defendants no longer contend for a decree to compel plaintiff to remove the party wall to its former limits as prayed for in their answer. The difference between the old limits of the wall and the new is only about two inches; the new wall is on the division line of the adjacent owners, but it extends on the defendants' side of the line about two inches more than the nine inches authorized by law under Art. 667, C. P.

Since the answer was filed in which the defendants claimed by way of reconvention that because of the alleged encroachment the plaintiff should be made to demolish his wall, the defendants rebuilt their houses on the adjacent lots, and used the wall in question, and made it a part of one of their buildings. Having thus utilized this wall the claim for its demolition on the ground of trespass to the extent of two inches of land falls. The defendants grant that they no longer have any claim for its demolition, but they urge that they are none the less entitled to the value of the two inches of ground. We have made a careful examination of the evidence upon which to base damages for the value of the land, in excess of the nine inches allowed, upon which plaintiff's wall rests, and have not found that it made certain the fact that defendant is entitled to anything. The testimony is somewhat conflicting as to the space taken up by plaintiff. The weight of the evidence, in our judgment, sustains the conclusion on this point that the wall is nineteen inches in thickness, of which six and three-quarters inches extends from the centre line of the old wall over plaintiff's place, and twelve and one-quarter inches upon defendant's property, but as to its value there is no evidence to sustain a judgment.

This brings us to the demand made upon defendants for the value of one-half of the party wall. The wall, to the extent of its use by the defendants, is a common wall, owned in indivision by plaintiff and defendants. It was entirely rebuilt by plaintiff.

The destruction of the old wall made it necessary to rebuild a new

wall. It was built at plaintiff's expense. The day that defendants made use of the wall as a support for their own building, and made it a common wall, they became indebted for one-half of what plaintiff laid out for its construction. C. C. 676.

At the beginning of our work: fixing the amount due by the defendants, the objection is urged on their part that plaintiff had a thicker and more solid wall built than the defendants needed, and that the costs of construction was more than they should have been. The building of defendant was three stories high; that of plaintiff five. The weight bearing on the common wall and its support on either side was not so greatly different.

We conclude from the evidence that the wall was not built stronger than it should have been built. The evidence discloses that the difference in height between plaintiff's and defendants' building is about eitghteen feet. The building of the defendants has a large clear span of about thirty feet and very high stories. The party wall may be stronger than actually necessary to support their building, but the difference, in our view, is not so great between the weight of plaintiff's building and that of defendants as to render it a matter of sufficient moment to make further deductions than was made, when the case was tried in the District Court. With reference to the costs of materials used by plaintiff in building this wall, it appears that plaintiff made use of hard brick that cost more than the ordinary brick with which the defendants built. He also used cement and mortar. For similar construction defendants made use of lime. The difference in the costs was not great.

The party wall, used by defendants was, we are informed, in height fifty-seven feet, and from front to rear one hundred and three feet. An account was in the record of the number of bricks in the wall, and of other materials made use of in the construction; there was also a sketch of the wall clearly indicating the portion of the wall charged to the defendants. The measurements, supported as they are by evidence, and the items charged, all have every appearance of being correct. The bill rendered by plaintiff to defendants amounted to one thousand and sixty-nine dollars and sixty-three cents, actually paid for labor and material in constructing the half of the party wall. This bill, we take it, is binding upon the plaintiff, and a correct basis of his demand.

We pass to another branch of this case growing out of a claim

set up by the intervenors for the value of so much of the wall as was owned by the defendants; adjoining proprietors. The question is not *res nova*. In Monteleone vs. Insurance Company, before cited, this court, in passing upon the suggestion of defendant to have deducted one-half of the party-wall which had been allowed to plaintiff for loss, held against such a deduction, and refused to grant the demand. It follows that this judgment decreed that the defendant was responsible for a constructive total loss of the whole wall, and that no deduction as asked was made. In the application for a rehearing the defendants urged that this was error, and reiterated the argument against the allowance. The proposition in support of the position was argued at some length in the brief. The plaintiff in a brief in reply to defendants' application for a rehearing referred to the reservation contained in the opinion and judgment of the court. We give no importance to the position taken in that suit on this subject, save to the extent that it makes it manifest that it was an issue in the case, and that it was decided after it had been argued. The court heretofore, after having considered the grounds, expressly determined that plaintiff was entitled, under the contract of insurance, as made, to recover for the whole wall, and having reserved to defendant, now intervenor, a right of subrogation, the matter is closed as between these parties. Under the decree the payment made by the insurance company to the plaintiff carried with it a subrogation to his right.

The question resolves itself into this:

The defendant in the first case cited *supra* denied that plaintiff had the right to recover for the whole wall. This court, looking upon the right of subrogation as securing an equivalent to the deduction asked, declined to make the deduction asked. It is manifest, in the face of the subrogation which followed payment, the plaintiff could not retain the whole of the amount paid, and at the same time recover, for his individual account, any part of the sum due by the owners of the adjacent property on the old wall. The amount, that is, the amount due by the defendants based on the value of the old wall, was fixed by the judge of the District Court at a sum which should not, in our view, be less.

From the balance remaining after having deducted this last sum (*i. e.*, sum of        allowed to intervenor) from the total shown by the account rendered of one thousand and sixty-nine dollars and sixty-

two cents, there remained three hundred and ninety-four dollars and sixty-two cents. From this amount was deducted one hundred and eighty-four dollars and thirty-two cents, cost of foundation and footings and of old bricks. The foundation of the wall had not been destroyed. It was strong enough to support defendants' wall. It was taken out and another laid to support plaintiff's heavier wall. It was reasonable, in our view, for plaintiff to bear this expense. The other item deducted was for old bricks used and thus leaving a balance of two hundred and ten dollars and sixty-one cents due plaintiff.

It is in evidence that the wall has cost a larger sum than plaintiff recovered from the intervenors under the decree rendered in the first suit. The amounts due to the insurance company were fixed by taking the cost of the old wall as a basis, as it had no concern in matter of the cost of the new wall. The intervenor recovered the value of the old wall and not the cost of construction of the new wall, which was more. It was different between the plaintiff and the defendants; the former had recovered from the insurance company less than the costs of the new wall. The defendants had not objected to the material used in constructing the new wall; when it was being constructed they had openings made in the wall in their interest, and when it was completed they, without protest, made it a wall in common. In our judgment payment of the difference in the costs of the two walls by them is fair, reasonable and just.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed.

Rehearing refused June 28, 1898.