Action by Henry K. Simmons against Inez Stevens. Judgment for plaintiff, and defendant appeals. Affirmed.

Kilbourne & Walker, of Clinton, for appellant. Wall & Kilbourne, of Clinton, for appellee.

MONROE, J. Plaintiff prays that his marriage with defendant be decreed null, on the ground that he was forced into the contract by threats upon his life. The judge a quo gave judgment as prayed for, and defendant has appealed. The evidence in the record abundantly sustains the judgment. It shows that defendant's father sent word to plaintiff that he "would have to marry the girl or they would kill him"; the pronoun "they" referring to a crowd of some 10 or 15 men, armed with guns, who followed the messenger and confirmed his message. One of the party, with defendant's father, then accompanied plaintiff to the courthouse, where a license was obtained, after which the entire party reassembled at the residence of defendant's father, where the marriage ceremony was performed. Plaintiff was then permitted to go his way, which he did, leaving defendant at her father's house.

Judgment affirmed.

---

(61 South. 734.)

No. 19,416.

BOARD OF ADM'RS OF TULANE EDUCATIONAL FUND v. ISRAEL.

(April 14, 1913.)

*(Syllabus by the Court.)*

1. PARTY WALLS (§ 4*)—CONTRIBUTION TO EXPENSE.

The neighbor, who has refused to contribute to the raising of a party wall, preserves a right to make it a wall in common by paying to the person who has made the advance one-half of what the latter has laid out for its construction. Civ. Code, art. 676.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 5–10; Dec. Dig. § 4.*]

2. PARTY WALLS (§ 4*)—RIGHT TO USE—REIMBURSEMENT OF OWNER.

Every proprietor adjoining a wall has the right of making it a wall in common, in whole or in part, by reimbursing to the owner of the wall one-half of its value, in the absence of any notice on the part of the adjoining proprietor that he intends to erect a party wall on the boundary line of the property. Civ. Code, art. 684; Graihle v. Hown, 1 La. Ann. 140; Davis v. Graihle, 14 La. Ann. 338.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 5–10; Dec. Dig. § 4.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by the Board of Administrators of Tulane Educational Fund against Mayer Israel. Judgment for plaintiff, and defendant appeals. Affirmed.

Rouse, Grant & Grant, of New Orleans, for appellant. H. Generes Dufour and Esmond Phelps, both of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff alleges that it and the defendant own adjoining pieces of property in Canal street; that it erected at its own expense the wall dividing their respective lots; that defendant has now made use of said wall as a party wall; and it demands of defendant one-half the cost of the construction of same.

Defendant answers that the party wall formerly standing between his property and that of plaintiff was destroyed by fire, and that he is not liable for any part of the cost of reconstruction, because his vendor was owner in indivision with plaintiff of said party wall at the time of its destruction; that said wall was covered by insurance, and that it was rebuilt by the insurance companies; and that plaintiff paid no part of the cost of rebuilding same. He further alleges that if he is bound to pay for one-half of said wall that he can be held only for one-half of the value thereof, and not for one-half the cost of reconstruction. There were other defenses, which were not argued.

There was judgment for plaintiff, and defendant has appealed.

The evidence shows that plaintiff reconstructed the wall in question at its individual expense; that the vendor of defendant refused to pay any portion of the cost thereof, for the reason that it did not intend to use the wall. The contention that the insurance company rebuilt the wall is not sustained, except as to the one-half thereof; that being the portion of the wall which belonged to plaintiff, and which was insured by it. The insurance companies did not pay to plaintiff the value of the wall which was owned by defendant's vendor and insured by it. That portion of the wall was rebuilt at plaintiff's individual expense; and it is the cost of that portion which plaintiff now demands of defendant.

[1, 2] When defendant made the wall in question a party wall, or a wall in common, by using it for the purpose of constructing a building upon his lot, he obliged himself to pay to plaintiff, who had built the wall, "the half of what he had laid out for its construction." C. C. art. 676. Defendant invokes article 684 of the Code, which reads as follows:

"Every proprietor adjoining a wall has, in like manner, the right of making it a wall in common, in whole or in part, by reimbursing to the owner of the wall one-half of its value," etc.

And he quotes Graihle v. Hown, 1 La. Ann. 140, and Davis v. Grailhe, 14 La. Ann. 338, in support of his defense. In Graihle v. Hown the adjoining proprietor made use of the wall some six years after its erection; and the case of Davis v. Grailhe is similar in this respect. In both cases we held defendants liable for one-half of the value of the walls.

The evidence in this case shows that the wall in question was erected in the fall of 1908, and that defendant made use of same in May, 1909. It further shows that plaintiff acted in good faith; that it called for bids, and accepted the lowest bid made; and that the work was done at its expense, and the wall is being used by both plaintiff and defendant. Plaintiff attempted to prove that he had notified the then owner of the property that it intended to rebuild the wall, and had received bids therefor; but it failed to show that such notice had been received by

the then owner, all in accordance with article 676, C. C.

But it is immaterial as to whether the notice was served on the then owner or not, under the circumstances of this case. Plaintiff has shown that the work was done at a reasonable figure, after soliciting bids therefor, and that defendant made use of said wall within about seven or eight months after it was reconstructed. Defendant offered evidence to show that the wall might have been reconstructed in May, 1909, for about $700 less than plaintiff paid to have the wall rebuilt; but he has not shown what would have been the cost of taking down and removing the wall, which had been destroyed to a very large extent by the fire. The trial judge, who heard and saw the witnesses, found that the work had been done at a fair and reasonable price; that it was approved by the various architects and builders who inspected the wall; and that its value at the time that it was used by the defendant was equal to the cost of its construction a few months before.

Judgment affirmed.