No. 8718.
Orleans Appeal.

———

CANAL-VILLERE REALTY CO. v. S. GUMBLE REALTY & SECURITIES CO., Appellant.

———

(November 3, 1924, Opinion and Decree.)
(December 1, 1924, Rehearing Refused.)
(January 7, 1925, Decree Supreme Court. Writ of Certiorari and Review Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Party Walls, Par. 7.** In order to make a neighbor liable for the value of a wall he uses, it is not essential that he should use the wall as a support for his building, it is sufficient that he use the wall as one of the sides to enclose his building.

2. **Louisiana Digest, Party Walls, Par. 1, 7.** It is not necessary that the claim of the adjoining owner for one-half of the value of the wall should be recorded.

3. **Louisiana Digest, Party Walls, Par. 2.** The presumption that a wall is common applies only to a wall that separates two buildings, no such presumption applies to a wall that separates a building from a vacant lot.

4. **Louisiana Digest, Party Walls, Par. 6.** In computing the liability of the party who uses the wall, the height of the fire wall must be included.

5. **Louisiana Digest, Party Walls, Par. 6.** In estimating the value of the wall no depreciation for age shall be allowed unless supported by evidence.

6. **Louisiana Digest, Party Walls, Par. 6.** A neighbor who uses the party wall must pay one-half of its value at the date of using it.

(Civil Code, Art. 671, 676, 677 and 684.— Editor's Note.)

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a suit to recover one-half of the value of a brick wall used by the defendant. Judgment for plaintiff. Defendant appealed.

Judgment affirmed.

A. D. Danziger, attorney for plaintiff and appellee.

Hall, Monroe & Lemann, W. J. Suthon, Jr., attorney for defendant and appellant.

CLAIBORNE, J. This is a suit to recover one-half of the value of a brick wall used by the defendant.

The plaintiff alleged that it is the owner of a building on the downtown river side of Canal Street; that the defendant, within the past six months, has made use of a part of the wall of plaintiff's building by resting the flashing of its building adjoining on said wall, and by using the said wall as one of the sides for its said building, tieing the front wall of defendants' property in with said division wall, and by coloring or whitewashing the wall to conform in appearance to the entire interior thereof; that there are contained in that portion of the wall which is being used by defendant, a distance of 114 feet in length, and height varying from 21 feet, 5 inches in front, to 15 feet in rear, and foundation of 2 feet and footing of 4 feet, a total of 2,332 square feet with 24 bricks per square foot, or 55,980 bricks at $35 per thousand or $1,959.30, one-half of which equals $979.65 and that petitioner is entitled to recover from defendant one-half of the value of said portion of wall or $979.65.

The defendant pleaded the prescription of ten years acquirendi causa under Article C. C. 765 and 3544.

For answer, the defendant admitted the erection by it of a building upon the lot adjacent to petitioner's lot, but denied the allegations relating to the use of plaintiff's wall as a party wall, and also as to the number of bricks in the wall and the value thereof.

By a supplemental answer the defendant alleged that it bought the property from Widow Dunn by Act of F. D. Charbonnet, Notary, dated April 5, 1918, by clear mortgage and conveyance certificate; that whatever claim plaintiff has against defendant for use of the wall as a party wall existed against defendant's author prior to defendant's purchase of the property; and that the same not having been recorded is ineffective against defendant.

It seems that a portion of plaintiff's wall about 35 feet in front, had been used by previous owners more than ten years prior to defendant's purchase; but that the defendant used a much larger portion when he erected his building. Whereupon the trial judge rendered the following judgment:

"The plea of prescription in this case is good covering that portion of the wall used prior to purchase by the Gumble Company; as to the balance, the plea is overruled. Let there be judgment for $689.92 as prayed for."

The defendant has appealed. The plaintiff has not appealed, nor has it answered the appeal by praying for an amendment of the judgment; therefore the judgment cannot be amended as to him, and the only question before this Court is concerning the additional portion of the wall which had not been previously used by Widow Dunn.

In argument and in his brief the defendant makes the following defenses:

1st. That in order to utilize a side wall as a party wall, the adjacent proprietor must utilize the wall in question as a "support for his building".

The conditions of the two buildings is thus described by A. M. Rennyson, a witness for the defendant:

"Q. Has the Gumbel building any wall of its own on the side next to the Canal-Villere building?
A. No, sir, not on that side. There is a foundation wall supporting the roof, foundation and wall studded up to support the weight of the roof of the Gumbel building.
Q. What does the Gumbel building rest on, on that side? What supports it?

A. There is a brick footing two or two and a half brick footing, and a nine-inch wall built on the Gumbel property. On top of this there is a sill. On the sill, studs; then plates, and then the roof.

Q. What do you mean by studs?

A. Well, that is posts to hold the roof.

Q. Does the Canal-Villere wall support the Gumbel building at all on that side?

A. No sir, there is no weight whatsoever on the Canal-Villere wall supporting the Gumbel building.

Q. If the Canal-Villere wall was removed, would the Gumbel building stand?

A. Yes, sir.

Mr. Elias Pailet, vice-president of plaintiff's company, testifies:

Q. What did Mr. Gumbel do with reference to the structure that at present stands in that place with reference to your wall?

A. He has flashed in the roofs of his buildings into our brick building, the whole length of his building, 114 feet.

Q. Do you know what was done with reference to the tying in of the Gumbel property, in so far as that division wall is concerned?

A. When they were putting the building up, I examined it, and they have held up their ceiling joists on two by four studs, and I expected that they would leave an opening away from our building, and after they put the roof on it, I walked on the roof and the tinsmith was flashing in his roof into our building.

Q. Mr. Gumbel's building, has it a wall on the side nearest to Villere Street other than the wall of the Canal-Villere Realty Company?

A. No, sir. He has no wall with the exception of two by four studs, holding the plates up, a distance apart, two by four posts.

Q. In other words, if this Canal-Villere wall was not there, would there be a space open on the side nearer to Villere Street?

A. It would be entirely open with the exception of the two by four studs here and there.

Q. From your observation of the way Mr. Gumbel's building was erected against your wall, if your wall was taken away, do you think Mr. Gumbel's building would need any other support?

A. He would need a wall to close up his building."

Mr. F. Julius Dreyfous, an architect, testifies:

"The brick walls of the Canal-Villere building are tied in the front and rear, but they do not support the walls. The walls of the Canal-Villere building do not support the roof of the Gumbel Realty Company building, except on the front and the rear, where the brick walls are tied into those of the Canal-Villere. The flashing on the roof, however, extends into the Canal-Villere building so as to make the roof water tight. The flashing of course of brick above the building is cut and the flashing is put into the wall and then cemented so as to make it water tight, and it ties into the brick wall above the flashing above the roof."

In support of his contention defendant quotes Article C. C. 679:

"Nevertheless every co-proprietor of a wall in common may be exonerated from contributing to the repairs and rebuilding by giving up his right of common; provided no building belonging to him be actually supported by the wall thus held in common."

It relies also upon the case of Monteleone vs. Harging, 50 La. Ann. 1147, 23 South. 990, and Oldstein vs. Firemen's Building Assn., 44 La. Ann. 492, 10 South. 928.

The first case merely asserts the proposition that the defendants must pay for one-half of the wall which they have used "as a support for their own building, and made it a common wall".

In the other case, the question was the right to open windows in a wall alleged to be common.

But in Mrs. A. M. Winter vs. William H. Reynolds, 24 La. Ann. 113, the Court said:

"The defendant uses the party wall. It will seem that he is liable." Same word "use" in W. T. Davis vs. A. Grailhe, 14 La Ann. 338, and in Florence vs. Maillot, 22 La. Ann. 114; Graihle vs. Hown, 1 La. Ann. 140; Murrell vs. Fowler et al., 3 La. Ann. 165; Chism & Boyd vs. Lefevre, 27 La. Ann. 199.

On Chism vs. Lefevre, 27 La. Ann. 199 (201), the court said:

"Availing himself, as it seems he has done, of the benefit of the wall, it is but fair he should pay for one-half the expense incurred in building it."

In Auch vs. Labouisse, 20 La. Ann. 553, the court said:

"Although the wall was intentionally not used as usual in the erection of contiguous buildings, yet the evidence shows that the new building rests upon and is attached to the wall built by plaintiff, and the defendants, as owners of the adjoining lot, are liable."

Article C. C. 679 is a literal translation of Article 656, Code Napoleon. In commenting upon said Article, 7 Laurent, p. 629, S. 548, says:

"It would be the same thing if the party who desires to abandon the wall in common derived from it any benefit whatever. * * * Article 656, it is true, speaks only of the case when the wall supports a building, but it is not restrictive; it is the application of a principle, and the principle is naturally applicable to all analogous cases."

1 Dalloz Codes Annote's on Art. 656, p. 1114 S. 18:

"This expression 'support' must not be understood in a restrictive sense, but in this sense that the neighbor who abandons the wall in common, being no longer bound by the obligations it imposes, should no longer retain its advantages."

Our interpretation of the law therefore is that when a neighbor uses an adjoining wall as a wall or protection to enclose his building, as defendant has done in this case, that he must pay one-half of the value of the wall used by him at the moment of using it.

2nd. The question whether an owner's claim for one-half the value of the wall against the neighbor must be recorded has been decided adversely to the defendant in Mrs. A. M. Winter vs. William H. Reynolds, 24 La. Ann. 113, and 27 La. Ann. 199, Chism vs. Lefevre.

3rd. The defendant also pleads Article 677 (673) which reads as follows:

"Every wall which is a separation between buildings as high as the upper part of the first story, or betwixt the yard and garden in the cities and towns, and their suburbs, of this State, and even any other inclosure in the fields, shall be presumed to be in common, if there be no title, proof, or mark to the contrary."

This Article is a copy, in its material parts, of Article 653, Code Napoleon.

We copy from Oldstein, 44 La. Ann. 500, 10 South. 928, a translation from Baudry-Lacantinerie:

"The wall which separates a house from a garden or lot is not presumed a wall in common. The law reads between buildings; and between enclosure and garden, and not between a building and an enclosure and garden." Vol. I, p. 884; 5 Baudy, p. 661, S. 937; 11 Demolombe, p. 349, S. 323.

"Article 653 establishes the presumption of community in two hypotheses only: First, 'betwixt buildings', that is, between two buildings; and next, between yards and gardens, and between enclosures, that is, between two lots not built upon. But between a building and a yard, a garden or any enclosure whatever, our Article is absolutely dumb. Therefore there exists no presumption of community for the wall which separates a building from a lot not built upon." Lavergne vs. Lacoste, 26 La. Ann. 507; Murrell vs. Fowler et al., 3 La. Ann. 165; Olstein vs. Firemen's Building Assn., 44 La. 500; 10 So. 928.

7 Laurent, p. 609, S. 526. "There is no longer any presumption when one of the properties is a building and the other a lot not built upon."

1 Pardessers Servitudes, p. 373-375, S. 159; 16 Dalloz Rep. Leg. Supp., p. 126, S. 136.

3 Pothier, p. 533, S. 202:

"When the wall supports buildings which are only on one side, and when on the other side there are neither buildings, nor indications that there have been any, the

wall is presumed to belong only to that one of the neighbors whose building it supports; the presumption being that it is the neighbor, who needed the wall for his building, who caused it to be built upon his lot and at his expense, and that the other neighbor, who had no interest in the construction of the wall, having no building against it, has not contributed to it." 40 Dalloz Rep. Leg., p. 144, S. 412; 5 Duranton, p. 289, S. 303.

4th. The contention that because the Dunn building covered a height of 40 feet and the Gumbel building only 21 feet, that Gumbel must be credited with the value of the difference is "novel" as counsel admits, but does not appeal to us.

5th. Nor do we think that the height of the fire wall, three feet, should be deducted. Had defendant constructed a side wall to his building the Building Code would have required him to have a similar wall. The defendant is as much bound to pay for that portion of the wall as for any other.

6th. The defendant also contends that the evidence shows that Dunn used a part of the rear building for his shed. There is testimony that the shed was built by Dunn before the plaintiff erected their wall. At any rate the evidence upon that point is too uncertain to base a judgment.

7th. The testimony as to the number and value of bricks of the Architect Dreyfous impresses us as more reliable than that of Rennyson, as it did the Judge of the trial court.

8th. The testimony of Dreyfous is that there was no depreciation whatever in the plaintiff's wall, only fourteen years old. He has not been contradicted. We cannot decide this case upon the hypothetical theories and speculations of persons not engaged in that line of business.

9th. It is also the law that the neighbor who uses a wall must pay one-half of its value.

C. C. 684 (680). "Every proprietor adjoining a wall has in like manner, the right of making it a wall in common, in whole or in part by reimbursing to the owner of the wall one-half of its value, or the half of the part which he wishes to hold in common, and one-half of the value of the soil upon which the wall is built, if the person who has built the wall has laid the foundation entirely upon his own estate." Board of Administrators vs. Israel, 132 La. 676. 61 South. 734; Graihle vs. Hown, 1 La Ann. 140; Murrell vs. Fowler, et al., 3 La. Ann. 166; W. T. Davis vs. A. Graihle, 14 La. Ann. 338; Augustin vs. Farnsworth, 155 La. 1054, 99 So. 868.