## GRAIHLE v. HOWN.

The proprietor of a city lot, who, under the provisions of art. 671 of the Civil Code, has built a part of his lateral wall on an adjoing lot, can compel the owner of the latter, who afterwards uses the wall as a common one, to contribute one-half of its cost, only where the owner of the adjoining lot was previously notified of his intention to build, and an opportunity was given to him to contribute to the cost of the wall, and to see that no useless expense was incurred in its erection, and that it was well built.  C. C. 672.  Where no such notice or opportunity has been given, the owner of the adjoining property will be bound to pay only one half of the value of the wall at the time he first makes use of it.  C. C. 680.

Where a judgment is correct as to the principal demand, it will not be reversed and the appellee amerced in costs, merely in consequence of an inadvertence of the judge in an accessory matter of small amount, which might have been corrected below, had any application been made by the appellant to the court of the first instance.

APPEAL from the District Court of the First District, *Buchanan*, J. *Graihle*, appellant, *pro se*.    *Canon*, for the defendant.

The judgment of the court was pronounced by

Eustis, C. J.*    The plaintiff being owner of a lot in this city, and erecting on it a house, in the year 1838, built nine inches of his lateral wall on the adjoining lot.

It is conceded that he was authorized to make this encroachment on the land of his neighbor under the 671st article of the Civil Code, the conditions of which the plaintiff, in the construction of the wall, has complied with.

The defendant being the owner of the lot adjoining that of the plaintiff, sometime in July, 1844, built a house on it, and used the wall in its construction for the support of his roof, floors and walls ; and the dispute in the case is, whether the defendant is bound to pay the plaintiff the cost of the wall to him in 1838, or its value at the time the defendant first made use of it.

In 1838, the defendant was not the owner of his lot, but purchased it after the wall was constructed.

---

* Rost, J., did not sit on the trial of this case, having excused himself on the ground of relationship to one of the parties.

Why should the defendant pay more for the wall, which the law authorizes him to use, and which is built on his own land, than its value ? This is all that reason and equity could require ; and, if he is bound to pay more, it must be in consequence of some absolute provision of the law.

The plaintiff relies for the recovery of the original cost of the wall on the following articles of the Civil Code :

Art. 671. He who first builds in the cities, towns or suburbs of this State, in a place which is not surrounded by walls, may rest one half of his wall on the land of his neighbor, provided he builds with stones or bricks at least as high as the first story, and not in frame or otherwise, and provided the whole thickness of his wall does not exceed eighteen inches, not including the plastering, which must not be more than three inches. But he cannot compel his neighbor to contribute to the raising of this wall.

Art. 672. If the neighbor be willing to contribute for his half to the building of the wall thus raised, then this wall is a *wall in common* between the proprietors. The neighbor who has even refused to contribute to the raising of this wall preserves still a right of making it a wall in common, by paying to the person who has made the advance, the half of what he has laid out for its construction, according to the rules hereafter established.

By this last article, it is clear that the neighbor who has refused to *contribute* to the expense, is bound to pay the cost of it whenever he undertakes to make it a wall in common. But it is only on his refusal to contribute that he is held to be so bound ; and, before refusing, he must certainly have an opportunity of assenting ; he must be asked to contribute—he must, at least, be notified, and have an opportunity of *contributing* to the common cost of the wall, and of seeing that no useless expense is incurred from negligence, extravagance, or want of skill, and that the work is substantial and thoroughly executed. If, when called upon, he should refuse to contribute, or pay no attention to the notice, which amounts to the same thing. then and in that case the law binds him to reimburse his neighbor half the cost, whenever he makes use of the law.

But suppose no notice whatever is given of the erection of the wall : it is clear that the claim of the party for indemnity for half the wall must rest on general principles, and cannot be regulated by this article, which fixes the amount of indemnity against the party who had refused to contribute, and, by its very limitation, extends to no other cases. If the intention of the legislator had been otherwise, the provision would have been general, and extended to all cases of parties making use of middle walls to the expense of which they had not contributed. To recognize the right of the party erecting the wall to claim one half the cost, without having given notice to his neighbor, would do violence both to the letter and spirit of the law.

Article 680 of the Code, when fixing the indemnity of a proprietor for the use of a common wall, in a case not identical with this, but very similar in principle, confines it to the *value*, without reference to the previous cost ; and even when the land itself, on which the wall rests, is to be paid for, nothing is required but its *value*.

The plaintiff, who is the appellant, received from the defendant what we estimate to be the value of the wall at the time the latter appropriated it to his use, to wit, in July, 1844. We consider the judgment of the District Court to be correct as to the principal demand. But the plaintiff has contended that the judgment is erroneous in not having allowed interest from July, 1844, accord-

GRAILHE
v.
HOWN.

ing to art. 1933 of the Code.* Perhaps it is. The plaintiff states that it was *inadvertently* omitted by the judge. If it was a mere inadvertence, it could easily have been corrected, according to the plaintiff's own showing, in the court of the first instance, and would have been corrected had the plaintiff directed the attention of the court to the inadvertence. The plaintiff ought to have given this opportunity to the judge on an application for a new trial, which was not made.

Where a judgment is right on the principal demand, we will not reverse it, and amerce a party in costs, merely in consequence of the inadvertence of the judge in an accessory matter of small amount, when it could be corrected on the application of the appellant in the court below, and the application has not been made.                                                                      *Judgment affirmed.*

---

* The judgment below was for $204 21. It was signed on the 11th of April, 1845. No interest was allowed by it.