LAND, J.
Plaintiff sued the defendant for one-half of the cost of a division wall, erected at the expense of the plaintiff, and used by the defendant in the construction of a building on his adjoining vacant lot.
The defendant answered, denying liability, and averring that he purchased the adjoining lot with all the buildings and improvements thereon, including the portion of the party wall on his lot, with full warranty of title, from the New Orleans Real Estate, Mortgage & Securities Company, called his “vendor in warranty.”
The said company, for answer to the call in warranty, averred that it sold to defendant the vacant lot next to the building of the plaintiff, and that respondent did not sell or undertake to sell any interest in the adjoining wall of plaintiff’s building. There was judgment in favor of the plaintiff against the defendant for $2,453.92, with legal interest from May 20, 1909, until paid, and for costs, and also against the defendant on the call in warranty. The defendant has appealed.
Counsel for appellant admits the correctness of the judgment in favor of the plaintiff, and submits that the only question for this court to determine is the liability of the. warrantor. The contention of the appellant is thus stated in his brief:
“Where a lot of ground is sold with the buildings and improvements thereon, with full warranty, and the only buildings and improvements thereon are the party walls erected on either side, the purchaser has a right to assume that he, acquired by his purchase the right to use such party walls for the support of his buildings, without being obliged to pay the owners of the adjoining lots on either side for such use.”
On the other hand, counsel for the warrantor contend that the defendant acquired by his purchase, so far as the adjoining wall of plaintiff was concerned, nothing more than a right to make it a party wall by paying one-half of the value thereof.
It appears that the buildings on three lots fronting, on Canal street were destroyed by fire. Buildings were reconstructed on two of the lots, leaving the intervening lot vacant. This vacant lot was purchased by defendant after the reconstruction of the building on either side. Plaintiff rested one-half of his wall on the vacant lot, but had no right to compel the owner thereof to contribute to the raising of this wall. Civ. Code, art. 675. The vendor of defendant contributed nothing to the building of the wall, but preserved the right of making it a wall in common by paying to the plaintiff one-half he had paid out for its construction. Civ. Code, art 676. Hence it follows that the vendor of the defendant had no ownership" in the wall that it could transfer to him or any other person. “Nemo plus juris ad alium transferre potest quant ipse habet.” Defendant does not dispute the above proposition, but contends that his vendor nevertheless did transfer to him, with warranty, that portion of the wall that rested on the vacant lot. The argument of defendant is that such portion of the wall was included in the term “buildings and improvements thereon,” used in the act of sale, and that the presumption was that the wall was one in common. In support of the last contention, the defendant cites article 677 of the Civil Code, which reads as follows:
“Every wall which is a separation between buildings as high as the upper part of the first story, or betwixt the yard and garden in the" cities and towns, and their suburbs, of this state and even any other inclosure in the fields, shall be presumed to be in common, if there be no title, proof or mark to the contrary.”
*141 On the face of this article, the presumption is only prima facie, and must yield to proof that the adjoining owner, claiming to own one-half of the wall erected by his neighbor, did not contribute to the building of the wall, and has not paid one-half of the cost of its construction. Moreover, the article relates to a wall which is a separation ;betwixt huilclmgs, and neither the letter nor the reason of the law apply to a wall which rests in part on vacant ground.
Article 653 of the Code Napoleon reads as follows:
“Dans les villes et les campagnes, tout mur servant de séparation entre batiments jusqu’a l’héberge, ou entre eours et jardins,, et mSme éntre enclos dans les champs, est présumé mitoyen, s’il n’y a titre ou marque du contraire.”
This article’ corresponds substantially with article 677 of the Civil Code of 1870, which, however, contains the additional word “proof.”
Fuzier-Herman, in his annotations under C. N. 653, cites the court of cassation and commentators to the effect that this presumption does not apply where there is an edifice on one side and a court or garden -on the other, or where one of the buildings was constructed after the erection of the wail. See Id. vol. 1, pp. 901 and 902. We •do not deem it necessary to consider the opposite views of a few-of the French commentators.
Baudry-Lacantinerie, in commenting on the same article, argues that the law says between houses, then between yards and gar•dens; but it does not say between a house and a yard or a garden. An analysis of article 677 of our Civil Code will lead to the same ■conclusion. When plaintiff’s wall was constructed, the lot now owned by the defendant was vacant, and there is no presumption in law or in reason that the wall was the common property of the plaintiff and the vendor of the defendant. In fact, the wall belonged to the plaintiff alone, and the defendant had no just reason for thinking otherwise when he purchased the adjoining vacant lot.
A dividing wall between yards and gardens necessarily benefits the adjoining proprietors from the time of its completion. It is otherwise with a division wall between a house and a vacant lot.
The contention of the defendant that his vendor sold him the portion of the wall resting on the vacant lot is repelled by the decision of the court, on rehearing, in the case of Lavergne v. Lacoste, 26 La. Ann. 509. This case was carefully considered, and, on rehearing, the opinion was handed down by Ludeling, C. J., who said, in part, as follows:
“In our former opinon and decree, we refused to allow the plaintiff anything for the half of the cost of wall A. This was error. When wall A. was built, the owner of the contiguous lot refused to pay for the wajl. The owner of that lot, however, could always make the wall a wall in common by paying half of its cost. He sold the lot to the plaintiff, who subsequently sold it to the defendant. Did said sales relieve the owner of the Burgunder lot from paying for the wall in common when he desired to use it? We think not. The right which the original owner had to make the wall a wall in common by paying for it, passed with the lot to the vendee, but nothing more. The vendor of the defendant did not sell his wall, but only the lot which he had bought from Burgunder.”
The facts of that ease may he briefly’ stated as follows:
In 1841, Blasco purchased a vacant lot, upon which he erected a building; the wall resting one half on his own lot and the other half on the adjoining lot. In 1859, the Lavergne minors purchased the Blasco lot with the buildings and improvements thereon, and in the same year purchased the adjoining lot from Burgunder. In 1866, the Lavergne minors sold to Mrs. Lacoste the Burgunder lot. Immediately after her purchase, Mrs. Lacoste caused buildings to be erected on her lot, resting them- on the wall of the building on the Blasco lot. The Lavergne *143 minors brought suit to recover from Mrs. Lacoste one-half of the value of said wall. Counsel for defendant argue that the sale in the Lavergne-Laeoste Case did not include the buildings and improvements. The answer is that a division wall between a building and a vacant lot forms no part of the buildings and improvements on the lot. Such a wall remains the exclusive property of the owner of the building until the owner of the adjoining lot pays one-half of its value or cost of its construction. In the Lavergne-L&coste Case, supra, one of the justices dissented, and we do not consider the decision as having the weight of stare decisis. We, however, are of opinion that the dictum of the court in that case is fully sustained by reason and authority.
It is therefore ordered that the judgment below be affirmed, and that the defendant and appellant pay costs of appeal.