TANZER v. READ et al.

(Supreme Court, Appellate Division, First Department.  February 6, 1914.)

HUSBAND AND WIFE (§ 102*)—TORTS OF WIFE—LIABILITY OF HUSBAND.

Under Domestic Relations Law (Consol. Laws, c. 14) § 57, making the wife liable for her own wrongful acts, and providing that her husband is not liable therefor unless done by his actual coercion or instigation, which must be proved, the husband would not be liable for the wife's negligent act in operating his automobile for her own pleasure.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§. 378–380; Dec. Dig. § 102.*]

Appeal from Trial Term, New York County.

Action by Helen H. Tanzer against Henry P. Read and another. From a judgment for plaintiff and an order denying a motion for new trial, defendants appeal.  Reversed, and complaint dismissed as to defendant named, and affirmed as to the other defendant.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Frank V. Johnson, of New York City, for appellants.
Herbert C. Smyth, of New York City, for respondent.

HOTCHKISS, J.  The action is against husband and wife for personal injuries.  Defendants' negligence and plaintiff's freedom from contributory negligence were questions for the jury, the damages were not excessive, and I see no reason for disturbing the judgment on any of these grounds.  The important question is as to the husband's liability.  The injuries were caused by an automobile belonging to the husband, which had been purchased by him for the mutual pleasure of himself and his family, including his wife, who was privileged to use the same.  The husband had provided a chauffeur for the operation of the car, and at the time of the accident this chauffeur was in the car, but he had, shortly before the accident, given up the wheel to the wife, who alone was operating the car when the accident occurred.  The use of the car on the occasion in question was purely for the wife's recreation, and not on any business of the husband.  In Quilty v. Battie, 135 N. Y. 201, 207, 32 N. E. 47, 48 (17 L. R. A. 521), referring to the legal status of husband and wife and the effect of the statutes of this state, modifying the common law in that regard, the Court of Appeals said:

"The husband is still the head of the family; the master of the house. He is entitled to the help and companionship of the wife, the control and discipline of his children, and the regulation of the domestic affairs of the household. * * * All such conjugal rights are unimpaired."

I know of no law, however, which compels a husband to afford to his wife either the opportunity or means for recreation, but if he does so, I do not think that, while engaged in such recreation, she is in any sense acting as her husband's agent, even though she utilize his property as a means for her pleasure.  Section 57 of the Domestic Relations Law provides that:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"She is liable for her wrongful or tortious acts; her husband is not liable for such acts unless they were done by his actual coercion or instigation; and such coercion or instigation shall not be presumed, but must be proved."

When a wife commits a tort while independently engaged in pursuing her own pleasure, I think the husband is protected by the statute, and for this reason the motion made in the husband's behalf, at the conclusion of the plaintiff's case, to dismiss the complaint as to him, should have been granted.

As to Mrs. Read, the judgment and order should be affirmed; as to the defendant Henry P. Read, the judgment is reversed and the complaint dismissed. The appeal is joint, and the same attorney appears for both appellants; no costs of this appeal should be allowed. All concur.