[No. 11939.   Department Two.   July 22, 1914.]

ELLA GUIGNON, *Respondent*, v. ANNA S. L. CAMPBELL et al.,
*Appellants.*[1]

HUSBAND AND WIFE—WIFE'S SEPARATE ESTATE—LIABILITY FOR NEG-
LIGENCE OF CHILD.  A married woman is liable to a judgment for
damages against her separately for personal injuries resulting to
one by reason of the negligence of her child in operating an automo-
bile, where such automobile was her separate property, and was
being used by the child for family purposes with her consent.

DAMAGES—PERSONAL INJURIES—EXCESSIVE DAMAGES—REMISSION.
A verdict for $9,250, in an action for personal injuries, is more than
compensatory, although the plaintiff was seriously injured, where it
appears that she was not entirely incapacitated and deprived of her
earning power, that, at the time of injury, she was forty-eight years
of age, earning $30 per month with continuous employment, and
capable of earning as a nurse from $15 to $25 per week with inter-
mittent employment, and that her actual loss in the way of clothing
and doctor's bills did not exceed $300; and warrants a reversal and
new trial in the case, unless plaintiff files remittitur of $4,250.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered December 23, 1913, upon the
verdict of a jury rendered in favor of the plaintiff for $9,250,
for personal injuries sustained by a pedestrian struck by an
automobile.   Reversed, unless $4,250 is remitted.

*John A. Coleman* and *Hughes, McMicken, Dovell & Ram-
sey*, for appellant Anna S. L. Campbell.

*Trefethen & Grinstead*, for appellant Archie W. Campbell.

*Walter S. Fulton*, for respondent.

PARKER, J.—The plaintiff seeks recovery of damages for
personal injuries which she claims resulted to her from the
negligent operation of an automobile by the defendant
Archie Campbell, the son and agent of the defendant
Anna S. L. Campbell.   The trial resulted in verdict and judg-

[1]Reported in 141 Pac. 1031.

ment in favor of the plaintiff against both of the defendants in the sum of $9,250, from which they have appealed.

Appellant Anna S. L. Campbell is a member of a community consisting of herself and husband, maintaining their home in Seattle. Appellant Archie Campbell is a son of Mrs. Campbell, and a member of her family. Mrs. Campbell owns an automobile, it being her separate property. The automobile, by Mrs. Campbell's consent, is used for, and by, the family in the usual manner of family conveyances. It is driven by different members of the family, including Archie Campbell. On April 5, 1913, Mrs. Campbell was absent from her home in Seattle; but, with her approval, given before her departure, her daughter, a member of the family, gave to some friends, at their home, a luncheon. To assist in the work of the luncheon, an extra servant was procured for the day, and during the evening it became necessary to convey this servant to a street car that she might return to her home. Archie Campbell, at the request of the daughter, his sister, then proceeded with the servant to the street car in his mother's automobile. Mrs. Campbell, being absent at the time, knew nothing of this particular use of the automobile, but that it was such use of her automobile as she contemplated might be made seems quite plain. The automobile had been put to general family use at her instance before her departure, and she says in her testimony, "While I was gone, the machine was just left with the family to be used, with no specific instructions as to what it was to be used for, . . . I left the machine there to be used for the family purposes as the occasion might arise." While appellant Archie Campbell was driving the servant to the street car, the automobile ran over respondent, because of his negligent driving, as is now claimed, inflicting serious injury upon respondent for which she seeks recovery in this action.

Contention is made that the cause should have been disposed of in favor of appellants, as a matter of law, by the trial court upon their motions for directed verdict. In so far

as these motions involve the questions of the negligence of Archie Campbell and the contributory negligence of respondent, we deem it sufficient to say that a reading of the evidence convinces us that neither could have been decided as a matter of law, and were clearly questions of fact to be determined by the jury. We do not feel called upon to review the evidence in detail here.

The principal contention made by counsel in behalf of appellant Anna S. L. Campbell is that she is not liable to a judgment for damages against her separately, as is the effect of the verdict and judgment here rendered, and that the court should have so decided as a matter of law. We have seen that Mrs. Campbell was the owner of the automobile as her separate property; that she authorized its use by her children for family purposes; and that this particular use was clearly within that contemplated by Mrs. Campbell. The question of the liability of a father, flowing from the negligent use of his automobile while being used for family purposes, was so thoroughly reviewed by Judge Ellis, speaking for the court in *Birch v. Abercrombie*, 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821, that we think little need be said here. The conclusion there reached by the court, which we think is equally applicable here, is tersely expressed at page 493, as follows:

"A father, who furnishes a vehicle for the customary conveyance of the members of his family, makes their conveyance by that vehicle his affair, that is, his business, and any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another, is his agent."

It is true, in the case before us, the automobile was the separate property of the wife, but we are unable to see that the principle announced in the *Abercrombie* case is not equally applicable to her and her separate liability. This use of the automobile by her children was not like the use of it by a stranger to whom she might have loaned it. Of course, she

18—80 WASH.

was not obliged to furnish an automobile or its use to her children or her family from the proceeds of her separate property; but having voluntarily done so, it became, in effect, a use by her. She permitted such use manifestly as a part of her parental duty, and made the furnishing of the automobile "her affair, that is, her business," paraphrasing the expression used in the *Abercrombie* case relative to the father in that case. We are of the opinion that the learned trial court ruled correctly in declining to absolve Mrs. Campbell from liability upon the ground here urged.

It is contended in behalf of both appellants that the verdict is excessive to the extent that it shows passion and prejudice on the part of the jury. We are constrained to agree with this contention, and regard the verdict as clearly more than compensatory. That respondent was seriously injured, there is ample evidence to show, but it is manifest that she was not by any means entirely incapacitated and deprived of her earning power. At the time of her injury, she was earning $30 per month, with continuous employment as a nurse, though the evidence tended to show that she was capable of earning as a nurse from $15 to $25 per week, though when employed by the week, she would not have continuous employment. At the time of her injury, she was approximately forty-eight years old, and had an expectancy of approximately twenty-two years. It is highly probable that her earning power would tend to decrease rather than increase, in view of her age. Her actual loss in the way of injury to clothing and doctors' bills did not exceed $300. The award of $9,250 made by the jury would yield, at legal rate of interest, in all probability, somewhat more than her earning power, measured by her past experience, without any diminution of the principal. We feel constrained to hold that we would not be warranted, in view of all the circumstances, in allowing a verdict and judgment in excess of $5,000 to stand against appellants in this case.

Other claims of error, we think, are without merit, especial-

ly in so far as their prejudicial effect is concerned. We do not see any useful purpose to serve by discussing them.

We conclude that if respondent will consent to a reduction of the judgment in her favor to $5,000 by remission of $4,250 therefrom, we will not interfere therewith. Otherwise the judgment must be reversed and a new trial granted to appellants. If respondent remits from the judgment as now entered the sum of $4,250, within thirty days from the filing of the *remittitur* in the superior court, the judgment will stand affirmed. Otherwise, appellants may have a new trial and the present judgment be regarded as reversed. Appellants will recover their costs upon this appeal.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.