### FARTHING v. STROUSE et al.

(Supreme Court, Appellate Division, Second Department. May 5, 1916.)

MASTER AND SERVANT ⟲330(1)—INJURIES TO THIRD PERSONS—ACTIONS—EVIDENCE—PRESUMPTIONS.

Where injury is caused by negligence of a wife operating her husband's automobile, no other person being in the car, and there being no evidence she was engaged in the business of her husband, who was a lawyer, and who had given her authority to use the car for her pleasure or any purpose whatever, there is no presumption that she was in his service.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1270; Dec. Dig. ⟲330(1).]

Appeal from Trial Term, Queens County.

Action by Frederick Farthing against Louis H. Strouse and another. From a judgment for the named defendant, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

George F. Hickey, of New York City (M. P. O'Connor, of New York City, on the brief), for appellant.

James F. Mahan, of New York City, for respondent.

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

STAPLETON, J. The plaintiff was injured by collision with a motor car through the act of defendant's wife, alleged to have been negligent. The wife was operating the car. Her husband was not present. Plaintiff sued the husband and was nonsuited. He appeals.

Tanzer v. Read, 160 App. Div. 584, 145 N. Y. Supp. 708, is an authority against him. He contends the decision in that case is destroyed by Ferris v. Sterling, 214 N. Y. 249, 108 N. E. 406. That is a case in which a father was sued for his son's negligence in operating a motor car. The father was a liveryman. Because of prolonged illness, the management of the business was to a large extent left to the son. Insurance policies and the state license were in the name of the father. The court reversed a judgment in plaintiff's favor for errors in rulings upon evidence. In the opinion the eminent writer says:

"The license number of the car, coupled with evidence that the defendant held the license, was prima facie proof that the defendant was the owner. It was more than that; it was prima facie proof that the custodian of the car was then engaged in the owner's service [citing cases]. 'The property being proved to belong to the defendant, * * * a presumption arises that it was in use for his benefit, and on his own account.' Norris v. Kohler, supra [41 N. Y. 42]. This presumption was not destroyed, as a matter of law, by the testimony for the defendant. Even though his explanation of the use of the car would absolve him, if credited, the question whether it should be credited was one of fact for the jury."

It is also said:

"The inference of control by the defendant was helped out by the nature of his business."

And also:

"The defendant and his son were not called as the plaintiff's witnesses, and their narrative was not without its suspicious or improbable features."

In the case at bar the defendant is a lawyer. He was called by the plaintiff. He admitted ownership. He admitted that his wife had authority from him to use the car for her pleasure or for "any purpose whatever." It does not appear that there was another person in the car. There is no evidence that at the time of the casualty the wife was engaged in the business of the husband.

Much has been written upon the interesting and perplexing question of the liability of the head of a family, who is the owner of a motor car, for a casualty resulting from its use and operation, for pleasure, by a member of his family, who operates negligently. The decisions are conflicting. Many of those which hold the owner liable were rendered in cases the facts in which present essential elements that are not contained in the case under review. Bourne v. Whitman, 209 Mass. 155, 172, 95 N. E. 404, 35 L. R. A. (N. S.) 701; Missell v. Hayes, 86 N. J. Law, 348, 91 Atl. 322; Campbell v. Arnold, 219 Mass. 160, 106 N. E. 599; Guignon v. Campbell, 80 Wash. 543, 141 Pac. 1031. The Supreme Court of Washington in Birch v. Abercrombie, 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59, in a persuasive opinion which carefully reviews many authorities, flatly decides in favor of liability upon facts dissimilar in no essential to

those in the instant case. Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970, is to the same effect.

The rule of stare decisis requires us to hold that upon the facts in this case there is no presumption that the defendant's wife was in his service and engaged in his affair, and that therefore the principle of respondeat superior does not apply. Tanzer v. Read, supra; King v. N. Y. C. & H. R. R. R. Co., 66 N. Y. 181, 23 Am. Rep. 37; Maher v. Benedict, 123 App. Div. 579, 108 N. Y. Supp. 228; Freibaum v. Brady, 143 App. Div. 220, 128 N. Y. Supp. 121; Heissenbuttel v. Meagher, 162 App. Div. 752, 147 N. Y. Supp. 1087. See, also, Doran v. Thomsen, 76 N. J. Law, 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677.

The judgment should be affirmed, with costs. All concur.