On Motion to Transfer to Court' of Appeal.
THOMPSON, J.
The defendant and appellant moves to transfer this case to the Court of Appeal, Parish of Orleans, for the reason that the amount in dispute at the time judgment was rendered in the lower court was less than $2,000, the lower limit of the jurisdiction of this court.
It is contended in support of the motion that the defendant in his answer only denied owing plaintiff- $1,140 of his demand, leaving $1,500 undisputed.
The authorities cited by appellant—Stubbs v. McGuire, 33 La. Ann. 1089; Denegre v. Moran, 35 La. Ann. 346; Central Glass Co. v. Fire Ins. Co., 130 La. 221, 57 South. 895; Borde v. Lazarus, 127 La. 122, 53 South. 465; Girardey Co. v. City of New Orleans, 20 La. Ann. 291—undoubtedly sustain the proposition that appellate jurisdiction does not attach in a case where a defendant, sued for a sum in excess of the lower limit of the jurisdiction of the appellate court, prior to judgment in the court of original jurisdiction, judicially admits owing so much of the demand as will reduce the same to a sum less than the jurisdictional limit of the appellate tribunal.
But these authorities have no pertinency to this case. The defendant only contested in his answer a portion of plaintiff’s demand, but he did not affirmatively admit owing the plaintiff any amount whatever. It is clear that the bare failure to deny owing an amount sued for cannot be construed to be a judicial admission of the claim demanded, except where procedure is taken pursuant to Act 157 of 1912, as amended by Act 300 of 1914.
It devolved on the plaintiff to make proof of his entire claim — the undenied as well as the controverted part of his demand—and he was not relieved of this burden by the silence of defendant’s answer, or the failure to deny specifically a part of the amount *348 sued for. The plaintiff might have asked for a judgment on the face of the pleadings for the undenied part of his demand, but he could not have obtained a judgment without serving a rule to that effect on the defendant. Act 157 of 1912.
The failure to take such a proceeding did not relieve the plaintiff of making proper proof of his demand when the case went to trial on the merits. In these circumstances the full amount claimed in the petition must be regarded as the amount in dispute at the time, judgment was rendered, and that amount determines the appellate jurisdiction.
The motion to transfer the ease is denied.