LECHE, J.
Plaintiff and defendants own adjoining properties, situated on Baronne street, in the business section of the city of New Orleans, and this suit was instituted in order to compel defendants to reimburse plaintiff one-half of the original cost of a party wall. Plaintiff caused the wall to be built at his own expense, some time during the month of June, 1920, and it was completed in November, 1920. The defendants began to use it as a wall held in common, about the month of February, 1922, and this suit was filed in June, 1922. No demand for any contribution was made by plaintiff upon the defendants until after defendants began to make use of the wall. The difference between the parties is that plaintiff demands reimbursement in the sum of $2,468.25, the one-half of the original cost of the wall, while defendants contend that he is only entitled to recover one-half its value as it stood when *1056 they began to use it in February, 1922. Tbe trial judge excluded evidence as to tbe original cost of the wall, and he rendered judgment in favor of plaintiff for $1,539.51, the one-half of its estimated value at the time defendants began to use it as a wall held in common.
The present appeal was taken by plaintiff. Defendants have moved to dismiss the appeal on the ground that plaintiff, prior to filing his motion for an appeal, had caused a certified copy of the judgment to be recorded in the mortgage records, and they allege that such recordation is an acquiescence in the judgment, and, that under the terms of article 567 of the Code of Practice, the appeal should be dismissed.
The cited article of the Code of Practice says that a party cannot appeal “if such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily.” Defendants further stated, in their motion to dismiss, that the jurisprudence of this court, upon which they rely, would be discussed in their brief. But nowhere in their brief do they cite authority which holds that the recordation of a judgment is a partial execution of, and therefore an acquiescence in, the same. There are numerous decisions holding that under the terms of the article acquiescence must be unconditional, voluntary, and absolute. But the proposition that recordation is a voluntary execution, 'from which acquiescence ilows as a legal result, is not supported, either by the text 'of the article or, so far as we can ascertain, by any decision of this court.
It does not follow that, because appellant recorded his judgment, he was satisfied with the amount therein awarded to him, and intended to abandon his appeal. It is more likely that the recordation was made for the purpose of securing his claim pro tanto, and in, order to protect himself up to that amount, in case defendants should sell the property pending the outcome of the appeal.
To execute a judgment voluntarily, as provided in the article of the Code, is to execute with the intention to confirm or ratify. The act from which confirmation or ratification is sought to be deduced must evince such intention clearly and unequivocally. None will be inferred when the act can, be otherwise explained. Breaux v. Sarvoie, 39 La. Ann. 243, 1 South. 614; Succession of Easum, 49 La. Ann. 1345, 22 South. 364; Wells v. Files, 136 La. 133, 66 South. 749.
The motion to dismiss is therefore overruled.
On the merits of this litigation, there is no controversy as to the amount estimated to be the value of one-half of the wall in February, 1922, when defendants first availed themselves of it as a wall held in common. Nor is there any question as to the liability of defendants for the value of their proportionate share of the same. The main and in fact the sole issue in this court is whether the defendants should pay for one-half the cost of construction, or pay one-half of the value of the wall as it stood when they first utilized it in February, 1922. The case therefore presents purely a question of law. Article 676, C. C., says:
“If the neighbor be willing to contribute for his half to the building of the wall thus raised, then this wall is a wall in common between the proprietors.
“The neighbor who has refused to contribute to the raising of this wall, preserves still a right of making it a wall in common, by paying to the person who has made the advance, the half of what he has laid out for its construction, according to the rules 'hereafter established.”
By the terms of this article, a neighbor must pay half the cost of construction when he has refused to contribute to the raising of the wall. A refusal to contribute implies that a demand has been made upon him, but it is an admitted fact in this case that plain *1058 tiff did not make any demand upon defendants for contribution in tbe construction of tbe wall. Then the liability of the defendants cannot be measured under tbe quoted article. An examination of tbe succeeding articles of tbe Code clearly reveals that defendants’ liability must be gauged by articles 683 and 684, which provide as follows:
“Art, 683. The neighbor who did not contribute to the raising of the wall held in common, may cause the raised part to become common, by paying one half the expense of such raising, and the value of the half of the soil employed for the additional thickness, if there is any.
“Art. 684. Every proprietor adjoining a wall has, in like manner, the right of making it a wall in .common, in whole or in part, by reimbursing to the owner of the wall one half of its value, or the half of the part which he wishes to hold in common, and one-half of the value of the soil upon which the wall is built, if the person who has built the wall has laid the foundation entirely upon his own estate.”
It is obvious that under the facts of this case, where no' demand has been made for contribution at tbe time of construction, tbe appropriate provision of tbe law is contained in article 684, and that tbe contribution contemplated must be based upon tbe value of the wall as it stands at the time it is made a wall in common, and not upon tbe cost of contruction.
These articles of the Code have already thus been construed by this court. In the case of Graihle v. Hown, 1 La. Ann. 140, it was decided that:
“The proprietor of a city lot, who, under the provisions of article 671 [now 675] of the Civil Code, has built a part of his lateral wall on an adjoining lot, can compel the owner of the latter, who afterwards uses the wall as a common one, to contribute one-half of its cost, only where the owner on the adjoining lot was previously notified of his intention to build, and an opportunity was given to him to contribute to the cost of the wall, and to see that no useless expense was incurred in its erection, and that it was well built. C. C. art. 672 [now 676], Where no such notice or opportunity has been given, the owner of the adjoining property will be bound to pay only one-half of the value of the wall at the time be first makes use of it. C. C. art. 680 [now 684].”
For these reasons tbe judgment appealed from is'affirmed.
Rehearing denied by Division A, composed of O’NIELL, O. J., and ROGERS and BRU-NOT, JJ.