### No. 9570.
### Orleans Appeal.

---

### CHARLES P. DUREL, Appellant, v. EMILE A. FLACH.

---

(March 16, 1925, Opinion and Decree.)
(March 30, 1925, Rehearing Refused.)
(April 28, 1925, Decree Supreme Court Writ of Certiorari and Review Refused.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Marriage—Par. 66 278.

Where a husband is sued for damages caused by the negligent driving of his automobile by his wife and he is not present, it must be proven that the car was being driven in his service or by his special authority and permission before there can be any recovery.

**(Civil Code, Art. 2315. Editor's note.)**

Appeal from Civil District Court, Hon. Percy Saint, Judge.

This is a suit and reconventional demand arising out of an automobile collision.

There was judgment for defendant on the main demand and the reconventional demand was rejected. Plaintiff appealed.

Judgment affirmed.

Henry W. Robinson, attorney for plaintiff and appellant.

J. H. Weiner, Lemle, Moreno & Lemle, attorneys for defendant and appellee.

WESTERFIELD, J. This case results from an intersectional collision. Plaintiff sues for damages to his automobile and personal injuries to himself, and defendant reconvenes for damages to his car.

When the case was argued before us, defendant's counsel called our attention to the fact that the automobile of defendant at the time of the accident was being driven by the wife of defendant upon a pleasure trip and that defendant was not present. He argues that this circumstance relieves defendant from liability. Defendant's counsel asserts, and it is conceded, that this point was not made in defendant's answer nor in the trial or argument of the case below and points out that in plaintiff's petition there is an allegation to the effect that at the time of the accident the automobile of defendant was being driven in the service of defendant and that this allegation not being denied in the answer must, under the pleading act, be taken as true. In view of recent jurisprudence there is considerable doubt in our mind as to the effect of the pleading act upon situations of this sort. Burnstein vs. Fallo, 155 La. 345, 99 South. 285. But in this case, the proof, administered by plaintiff's counsel himself, certainly without objection on his part, is clearly to the effect that defendant's automobile at the time of the accident was upon an errand of pleasure (if the term "joy ride" be objectionable because of its customary application) in which the plaintiff did not participate and so far as the record discloses without his knowledge. The occupants of the car at the time consisted of plaintiff's wife, who was driving, a young man and a young married woman, whom it appears was wearing knickerbockers or knee length trousers, though we fail to see the relevancy of this proof or the necessity of the emphasis given that fact by plaintiff's counsel. All three passengers were seated upon the front seat which we are admonished was intended by the manufacturer for but two persons. Mrs. Flach, when asked her destination, would only say that they were going for a ride and upon being pressed added no further information. We therefore conclude, in the absence of any further proof, that the car was not being driven in the service of Mr. Flach, defendant herein, at the time of the accident.

Can the defendant be held responsible under the circumstances is the first question for our consideration.

In the Civil Law and in Louisiana the rule is that a husband is not liable for the torts of his wife committed out of his presence. C. C. 2317; C. N. 1384; McClure vs. McMartin, 104 La. 496, 29 South. 227; Pothier on Obligation, Part II, Ch. VI, Sec. VIII, Art. 11; 39 Dalloz 420-592.

Counsel recognizes this to be the law, but contends that since the husband is required by law to afford such conveniences for the health, recreation and pleasure of his wife as his means will allow, that an automobile, being such convenience, the community should be held responsible for her negligent operation of it. He contends that the situation is in no wise different in principle from the care of an automobile being driven by a chauffeur in the employ of the husband.

We are referred to no authority and are asked to so conclude as a matter of abstract reasoning.

The rule of the Common Law is in general that a husband is liable for the torts of his wife, whether he is present or not, or whether committed without his knowledge. Am. & Eng. Ency. of Law, *Verbo*: Husband and Wife, Vol. 15, p. 895, but this has been modified by statute in many States and by the courts in others.

"In Farthing vs. Strouse, 172 App. Div. 523, 158 N. Y. Supp. 840, the Appellate Division affirmed a judgment of non-suit against her husband. The car was being driven by his wife. He was not present. He admitted ownership. He admitted that his wife had authority to use the car for her pleasure, or for any purpose whatever. The court said: 'There is no evidence that at the time of the casualty the wife was engaged in the business of the husband. * * * The rule of *stare decisis* requires us to hold that upon the facts in this case there is no presumption that the defendant's wife was in his service and engaged in his affairs, and that therefore the principle of respondent superior does not apply.'

"In Tanzer vs. Read, 160 App. Div. 584, 145 N. Y. Supp. 708, the court reversed a judgment for the plaintiff and dismissed the complaint, as against the husband, when injuries were caused by an automobile belonging to the husband, which had been purchased by him for the mutual pleasure of himself and his family, including his wife, who was privileged to use the same. The husband had provided a chauffeur for the operation of the car, and at the time of the accident this chauffeur was in the car; but he had shortly before the accident given up the wheel to the wife, who alone was operating the car when the accident occurred. It was being used on that occasion purely for the wife's recreation, and not for the business of the husband. The court said:: 'I know of no law * * * which compels a husband to afford to his wife either the opportunity or means for recreation; but, if he does so, I do not think that, while engaged in such recreation, she is in any sense acting as her husband's agent, even though she utilize his property as a means for her pleasure.' "

Quoted by Berry on Automobiles, p. 1182.

In Towers vs. Errington, 78 N. Y. Misc. 297 (1912) the husband was sued for injuries to plaintiff caused by the alleged negligence of the husband's car by his wife. The husband was not present at the time of the accident and it was sought to hold him liable as a partner. The court said:

"If the partnership owned a carriage or automobile, and one of the partners took it out for his private pleasure, for a personal purpose, surely the act would not be a partnership act. If on his private excursion he injured a traveler on the highway, his partners would not be liable, for the reason that at the time he was not acting for them, or in the prosecution of their business. And this would be so, even though the other parties were present and saw him start out on his journey without objection."

"In California it is held that the burden is on the plaintiff in an action against the husband to recover for injuries caused by the negligent driving of his car by his wife, to prove that the wife was acting as his agent."

Berry on Automobiles, Fourth Edition, p. 1183.

In Mittlestadt vs. Kelly, 168 N. W. 501 (1918), it was held "that a joint owner is not liable where he was not present, had no interest in the object of the trip and the car was not being operated for him."

We conclude that the defendant herein not being present at the time of the accident and it not having been shown that he had any knowledge of or gave assent to the use made of the automobile, and it being proven that the car was being used upon an errand solely for the pleasure of his wife, that he, the husband, cannot be held liable for her negligent operation of it.

As to the reconventional demand of defendant we agree with the trial court in his conclusion that it should be rejected.

For the reasons assigned the judgment appealed from is affirmed.