ST. PAUL, J.
 

 Plaintiff owns a lot of ground in the city of Shreveport, adjoining another belonging to defendants.
 

 In 1914 both lots were vacant; and plaintiff, being first to build, placed one-half her wall on the adjoining lot, as she had a right -•to do. R. C. C. art. 675.
 

 In 1919 defendants also built, using as one of their inclosures the wall erected by plaintiff in 1914.
 

 I.
 

 Plaintiff, therefore, claim's of defendant
 
 one-half the value of said wall in 1919,
 
 say $3,784.06, relying on article 684, R. C. C., and on Augustin v. Farnsworth, 155 La. 1053, 99 So. 868.
 

 Defendant admits that plaintiff is entitled to compensation,* but claims that same should be only
 
 one-half the cost of construction in 1914,
 
 say $1,793.82, relying on articles 676, 683, R. C. C.
 

 H.
 

 Defendants have accordingly confessed judgment in favor of plaintiff for the sum of $1,793.82, by themselves praying that she have judgment against them for said sum.
 

 And thus the only “amount in dispute” between the parties is the difference between $3,784.06, claimed by plaintiff, and $1,793.82, confessed by defendants, say $1,990.26, which is below the minimum appellate jurisdiction of this court. Const. 1921, art. 7, § 10, par. 2, p. 39.
 

 III.
 

 In Burnstein v. Fallo, 155 La. 345, 99 So. 285, this court said:
 

 “The authorities cited by appellant—Stubbs v. McGuire, 33 La. Ann. 1089; Denegre v. Moran, 35 La. Ann. 346; Central Glass Co. v. Fire Ins. Co., 130 La. 221, 57 So. 895; Borde v. Lazarus, 127 La. 122, 53 So. 465; Girardey Co. v. City of New Orleans, 26 La. Ann. 291—undoubtedly sustain the proposition that appellate jurisdiction does not attach hr a case where a defendant, sued for a sum in excess of the. lower limit of the jurisdiction of the appellate court, prior to judgment in the court of original- jurisdiction, judicially admifs owing so much of the demand as will reduce the same to a sum less than the jurisdictional limit of the appellate tribunal.” -■
 

 In that case we retained jurisdiction because the defendant “did not affirmatively admit owing the plaintiff any amount whatever” ; but in the case before us the defendant
 
 does
 
 “judicially admit owing so mtush of the demand as will reduce the same to a sum less than the jurisdictional limit of the (this) appellate tribunal.”
 

 The appeal must therefore be transferred to the proper appellate court.
 

 Decree.
 

 It is therefore ordered that this appeal be transferred to the Court of Appeals, Second Circuit, provided that same be lodged in that court, within 15 days after this decree becomes final; costs of this court to be borne by appellant, and all other costs to await the final outcome of the ease.