## No. 2448

### Second Circuit

## FITZGERALD v. KATZENSTEIN AND WIENER

---

(June 30, 1926. Opinion and Decree.)
(Oct. 4, 1926. Rehearing Refused.)
(Nov. 3, 1926. Writs of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Party Walls—Par. 6, 7.**
Under Article 676 of the Civil Code, a neighbor has the right to make an adjoining wall a party wall by paying to the person who has made the advance half of what he laid out for its construction. This is the law, even though the wall had enhanced in value between the time it was constructed and the time it was used by the neighbor.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Mrs. Helen K. Fitzgerald against J. Katzenstein and Sam Wiener, Jr.

There was judgment for plaintiff for smaller amount than prayed for.

Plaintiff appealed.

Judgment affirmed.

Keeney & Dimitry, of Shreveport, attorneys for plaintiff, appellant.

Wallace, Lyons & Peters; Thigpen, Herold, Lee & Cousin, of Shreveport, attorneys for defendants, appellees.

ODOM, J. Plaintiff and defendants are owners of adjoining lots on Texas street in the business section of the city of Shreveport. In the year 1914 both lots were vacant. During that year plaintiff erected a three-story brick building on her property, using nine inches of the adjacent lot on which to rest a wall. Defendants subsequently became the owners of the adjoining lot and in the year 1924 erected thereon a brick building, using the wall erected by plaintiff.

The cost of constructing the wall erected by plaintiff on the line between the adjoining properties in the year 1914 was $3587.60. The value of the wall enhanced so that at the time defendants made use of it in 1924 it was worth $7568.12.

Defendants having used the wall in 1924 without paying for it, plaintiff brought this suit for $3784.05, one-half the value thereof at the time it was used.

Defendants admit liability, but contend that they owe only $1793.80, one-half the cost of constructing the wall in 1914, and they tendered that amount, plus costs, during the trial of the case.

The lower court rendered judgment in favor of plaintiff for $1817.82, which was one-half of the cost of constructing the wall plus the accrued costs. Plaintiff appealed to the Supreme Court. That court found that the amount in dispute, after defendants' admission that they owed $1793.80, was only $1990.26, which is below the minimum appellate jurisdiction of that court, and the case was accordingly transferred to this court.

See Fitzgerald vs. Katzenstein, et al., 159 La. 64, 105 South. 226.

## OPINION

The facts in the case are not disputed. The plaintiff built a wall eighteen inches thick on the property line, using nine inches of the adjoining lot. The cost of construction, when the wall was erected in 1914, was $3587.60. In 1924, when defendants appropriated the wall, its value had enhanced to $7568.12.

It is admitted that plaintiff made no demand for half the cost of construction at the time the wall was built. The filing of the suit, it seems, was the first demand.

The question presented for our determination, therefore, is one of law, viz.: Are defendants required to pay plaintiff one-half the cost of constructing the wall, or are they liable for one-half the value thereof in 1924 when they appropriated it?

Article 675 of the Civil Code provides that he who first builds in cities and towns may rest one-half of his wall on the land of his neighbor, and Article 676 of the Code reads as follows:

"If the neighbor be willing to contribute for his half to the building of the wall thus raised, then this wall is a wall in common between the proprietors. The neighbor who has refused to contribute to the raising of this wall **preserves still a right of making it a wall in common by paying to the person who has made the advance the half of what he has laid out for its construction,** according to the rules hereafter established." (Boldface type ours.)

Plaintiff's contention is that an adjoining proprietor who for any reason has not contributed to the erection of a wall built partly on his property must, in order to make it a wall in common, pay one-half of the value at the time he makes use of

it, in case the wall has enhanced in value after its construction.

To so hold, we would have to read the above quoted article out of the Code. The language of the Code is clear and unambiguous. It provides in language too clear to be misunderstood that even though the adjoining proprietor refuse to contribute to the expense of erecting the wall he "preserves still a right of making it a wall in common by paying to the person who has made the advance, the half of what he has laid out for its construction".

There might arise conditions and circumstances under which he would be permitted to make use of a wall in common by paying less than half the cost of construction, as will be shown later, but under no consideration can he be required to pay more. The law specifically "preserves" to him the right to make it a wall in common, and the only condition imposed upon him for so doing is, that he pay to the "person who has made the advance, the half of what he has laid out for its construction". He has that right without qualification as to the time he makes use of it or any other conditions or circumstances. He can never be called upon to pay more than one-half the cost of construction.

In support of their contention, counsel cite the cases of Augustin vs. Farnsworth, et al., 155 La. 1053, 99 South. 868, and Canal Villere Realty Co. vs. Gumbel R. & S. Co., decided by the Orl. Ct. App. in 1924.

In the case of Augustin vs. Farnsforth, 155 La. 1053, 99 South. 868, supra, the facts were that the wall was built by the plaintiff in the year 1920 at a cost of $4,936.50. The defendants began to use the wall in February, 1922. In June, 1922, the plaintiff brought suit against the defendants demanding $2,468.25—one-half the cost of construction. The wall was not worth as much in 1922 as it was when built in 1920, and defendants contended that they were bound to pay only one-half the value of the wall as it stood when they began to use it in February, 1922. There was judgment in the lower court in favor of the plaintiff for $1,539.51, one-half its value at the time the wall was made use of by the defendants, and the judgment was affirmed on appeal.

The question in that case, therefore, was not whether the neighbor who makes use of a wall is required to pay more than one-half the cost of construction in case it enhances in value, but whether he may make use of it by paying less in case the value of the wall has diminished, and the court held that he could. After quoting Article 676 of the Civil Code, the court said:

"By the terms of this article, a neighbor must pay half the cost of construction when he has refused to contribute to the raising of the wall.* * *"

A similar statement of the law is found in Grailhe vs. Hown, 1 La. Ann. 140. The court said:

"By this last article (Article 672, now Article 676) it is clear that the neighbor who has refused to contribute to the expense, is bound to pay the cost of it whenever he undertakes to make it a wall in common. * * * If, when called upon, he should refuse to contribute, or pay no attention to the notice, which amounts to the same thing, then and in that case the law binds him to reimburse his neighbor half the cost, whenever he makes use of the law (wall).

"But suppose no notice whatever is given of the erection of the wall, it is clear that the claim of the party for indemnity for half the wall, must rest on general principles, and cannot be regulated by this article (Article 676) **which fixes the amount of indemnity against the party** who had refused to contribute, and, by its very limitation, extends to no other cases. * * *." (Boldface ours.)

These are clear and concise statements of the law. It is true that in each of those cases the court held that the party making use of the wall was bound to pay one-half of its value at the time it was used, but the walls had depreciated in value, and the court held in each case that because no notice had been given and no opportunity afforded to contribute the defendants were bound for only one-half of the value at the time used.

There is no suggestion or intimation in either case that if the value of the wall had enhanced subsequent to its erection the defendant would have been required to pay more than one-half of the cost of construction. The court's reason in each case for holding that Article 676 did not apply and that the defendant was permitted to make use of the wall upon paying one-half of its value at the time used, was that the plaintiff had not notified the defendant and had given him no opportunity to contribute. As a penalty for his failure to do so he was awarded only one-half the value of the wall at the date it was used.

In the case of Graihle vs. Hown, 1 La. Ann. 140, supra, the court said:

"To recognize the right of the party erecting the wall to claim one-half the cost, without having given notice to his neighbor, would do violence both to the letter and spirit of the law."

Under these holdings it is clear that in the case at bar if the value of plaintiff's wall had declined she could recover only the value at the time defendants made use of the wall in 1924, for it is admitted that she gave no notice to the adjacent proprietor at the time she built in 1914. Then upon what law or theory can she claim more than the actual cost of construction? Under the express language of the Code, the defendants could make use of the wall at any time—

"* * * by paying to the person who has made the advance, the half of what he has laid out for its construction"

and in case the value of the wall had declined she could recover that much only in case notice had been given and the neighbor had refused to contribute.

In the case of Auch vs. Labouisse, 20 La. Ann. 553, the plaintiff claimed of the defendant one-half the value of a partition wall. The defendant claimed that the wall was built several years before it was used by him and at a cost infinitely less than the amount claimed. The issue thus presented was identical with the one here presented. After disposing of the other issues raised, the court said:

"The main question, as between plaintiff and defendants, is, whether the Article 672 (now 676) or 680 (now 684) of the Civil Code shall be applied to this case. We are of the opinion that the former must apply."

And quoting Article 672 (now 676) the court said:

"This article, we think, contemplates reimbursement to the party who erected the wall and nothing more. It says 'by paying to the person who has made the advance, the half of what he has laid out for its construction'. He has the advantage of using the soil of his neighbor for the support of half the wall, which half may become the property of such neighbor upon his reimbursing what the half cost."

After citing the case of Graihle vs. Hown, 1 La. Ann. 140, supra, where the court said "it was held that this article did not apply, because the defendant became the owner of the lot after the wall was built, and could not therefore have been called on, and have refused to contribute to the construction, and should consequently not be made to pay more than the wall was worth when used by him", the court went on to say—

"We have no occasion to deny the correctness of this doctrine, but we do not think it can be invoked to put the defendant in a worse position than he would be, if shown to have refused, when called on to contribute. The article says, if he refuses, he may still become part owner of, and use the wall upon paying the half of its cost. If he should not or could not refuse, he certainly should not be made to pay any more. * * * We conclude that defendants are liable for only half of the price advanced by the plaintiff in this instance."

In the case of Davis vs. Graihle, 14 ·La. Ann. 338, the court said that 'the plaintiff having erected his house before defendant did was entitled to rest one-half of his wall on defendant's property, which was done.

"If the latter had been willing to have contributed one-half of the expense for its erection, then it would have become a wall in common between the plaintiff and defendant. **The latter not having offered to contribute, still preserved the right of making it a wall in common, by paying to the plaintiff the half of the cost of its construction.**" (Boldface ours.)

In the case of Florence vs. Maillot and Wood, 22 La. Ann. 114, is on all fours with the case at bar. There the plaintiff brought suit to recover the value of one-half of that portion of the party wall used by the defendant. The admissions in the record were that the half of the cost of the wall so used when it was built in 1851 was $326.84 and that it would have cost $596.00 to build the same half of the wall in 1866, when it was used. Plaintiff claimed the right to recover the latter sum. The lower court gave judgment for the former sum and on appeal the judgment was affirmed. Judge Howe, the organ of the court, saying:

"We had occasion to decide in Auch vs. Labouisse, 20 La. Ann. 553, that in a case like the one at bar, the amount to be recovered by the plaintiff must be measured by the rules laid down in Article 672 (now Article 676) of the Civil Code."

· The facts in this case were identical with those in the case at bar.

In the case of Marion vs. Johnson, 23 La. Ann. 597, the court said:

"It is also well settled that the party building a wall in common, may recover from the other one-half the original cost of erecting it."

Citing Florence vs. Maillot and Wood, 22 La. Ann. 114, and Auch vs. Labouisse, 20 La. Ann. 553, supra.

See: Monteleone vs. Harding, 59 La. Ann. 1147, 23 South. 990.

Cordill vs. Israel, 130 La. 138, 57 South. 778.

Board of Administrators vs. Israel, 132 La. 676, 61 South. 734.

Again referring to the case of Canal Villere Realty Co. vs. Gumbel R. & S. Co., decided by the Orl. Ct. of App., relied on by plaintiff, we find that the amount claimed was based on the cost of construction and plaintiff was allowed recovery on that basis; but the court found, to quote from the opinion—

"The testimony of Dreyfous is that there was no depreciation whatever in the plaintiff's wall, only fourteen years old. He has not been contradicted. We cannot decide this case upon the hypothetical theories and speculations of persons not engaged in that line of business."

Defendant there contended that there were not as many brick used in the construction of the wall as plaintiff claimed there were, and we ·draw the inference from what the court said that the defendant also claimed that the wall had deteriorated. The court having found that the wall had not deteriorated, gave· plaintiff judgment for the value of the wall when used,

which happened to be the cost of construction.

Counsel have exhibited to us the record in that case, which shows that the Supreme Court refused to review the case on a writ, stating: "Writ refused. Judgment correct."

An examination of the application for the writ discloses that the question involved in the case at bar was not presented to the Supreme Court, for counsel in their application says:

"We submit in the present case that the writ of review should be granted in order that this court may clarify the jurisprudence upon the question of whether, when a wall is built upon the boundary line by one adjacent owner, and the adjacent owner erects a building which is enclosed but not supported by said wall, such conduct amounts to the use by the latter of the wall belonging to the former as a party wall."

This was the sole question presented to the court, and by refusing the writ it sanctioned the holding of the Court of Appeal on that point. There is nothing in the opinion of the Court of Appeal in the Gumbel case to indicate a holding that in case a party wall enhances in value between the date of its construction and the date on which the adjacent proprietor makes use of it the party erecting it can recover more than one-half the cost of construction.

If, however, as contended by counsel, the court did so hold, (we think it did not) it held against the express provisions of the Code and against repeated decisions of the Supreme Court as herein cited.

The lower court gave plaintiff judgment for one-half the cost of constructing the wall plus costs which had accrued up to the time of the tender. That judgment is correct, and is accordingly affirmed with costs.