Aaron Lax and Samuel Spellman, Copartners, Trading as Lax & Spellman, Plaintiffs, v. Union Railway Company of New York City, Defendant.

Municipal Court of New York, Borough of Manhattan, Sixth District, January 14, 1932.

*Harry Berman* [*Harry Berman* and *Margaret Fuller Karlin* of counsel], for the plaintiffs.

*Alfred T. Davison* [*Herbert B. Brush* and *Goodman Kuyk* of counsel], for the defendant.

Watson, J. This action for damages to plaintiffs' personal property was tried before the court and a jury. It was dismissed at the end of plaintiffs' case on defendant's motion, on the sole ground that the negligence of Silverstein, the driver of plaintiffs' horse and wagon, was the contributing cause of the accident which barred plaintiffs' recovery. Plaintiffs move for a reargument of that motion.

It is not disputed that the relation between plaintiffs and Silverstein at the time the accident occurred was that of bailor and bailee for hire and that the latter was engaged in his own business while he was using plaintiffs' property, and over which he had absolute control and direction. It is conceded by defendant's counsel that

when property of a bailor in the possession of a bailee is damaged by a third party, either bailee or bailor may sue to recover therefor.

To sustain the decision of the court upon defendant's motion to dismiss the action, the defendant cites the case of *Arctic Fire Insurance Co.* v. *Austin* (69 N. Y. 470) as authority for the proposition that where a bailor sues a third party for damages to the bailor's property, the negligence of the bailee is attributable to the bailor. A careful reading of the opinion in that case indicates that the decision of the court was predicated upon the theory that a common carrier was the agent of the owner of the goods and that the negligence of the carrier was imputable to the owner. The reasoning of the court was that privity of contract exists between a merchant and his carrier for, by committing the management and direction of his goods to the carrier with authority to bestow labor upon them and to transport them, the merchant necessarily constitutes the carrier, to some extent, his agent. A later decision, however, seems to repudiate the doctrine as enunciated in the *Arctic* case, that as between carrier and shipper, the carrier is the servant or agent of the shipper. (*Murray* v. *Dwight*, 161 N. Y. 301.)

The doctrine of imputed or attributed negligence is based upon the relation of master and servant or principal and agent, or upon circumstances involving the element of partnership. In the instant case unless it is shown that at the time of the accident Silverstein was plaintiffs' servant or agent, or that he was engaged in or about plaintiffs' business, his negligence cannot be chargeable to them.

I think that the case of *Fischer* v. *International Railway Co.* (112 Misc. 212) is direct authority for the proposition contended for by plaintiffs and is particularly applicable to the case now before this court. There the plaintiff loaned an automobile to the borrower for use in the borrower's business. The automobile was damaged through the negligence of a street railway company, the borrower's own negligence contributing to the damage. In an action against the street railway company, which defended on the ground that the contributory negligence of the borrower was imputable to the owner of the automobile, thereby precluding recovery against the railway company, judgment was rendered in plaintiff's favor. The appellate court, in affirming the judgment, said: " The question presented to this court for review is whether the contributory negligence of Dritsan prevents a recovery against the International Railway Company for its negligence. The contention of the railway company is that the negligence of Dritsan is imputable to Fischer, the plaintiff " (p. 212).

" We think the case now up for review must be decided on broad

general principles. Dritsan was not in any sense the agent for the plaintiff. He was not engaged in the plaintiff's business at the time of the accident. As the borrower and bailee of the plaintiff's property, he owed the duty to the plaintiff to handle the machine with care, and if the machine was damaged by his negligence the bailee became responsible to the bailor for his acts. But the fact that the bailor had or has a cause of action against the bailee certainly ought not to deprive the plaintiff of a cause of action against a third party whose acts also contributed to the injury. To say that where an injury is occasioned by the joint negligence of the bailee and a third party, the bailor must look to the bailee alone is to ignore the well recognized rule that joint tort feasors are jointly and severally liable for the consequences of their torts. The injured party may sue both jointly or each separately.

"The doctrine is so elemental that it is difficult to see how a different conclusion in this case could have been reached" (pp. 213, 214).

In referring to the *Arctic* case, the court further observed: "That decision seems to have been based on the ground that owing to the peculiar relation existing between the shipper and carrier (where the carrier practically insured safe delivery to the consignee) the carrier became the agent of the shipper.  *  *  *

"Whatever may be claimed for the case of *Arctic Fire Insurance Company* v. *Austin*, we think its application should be confined to the particular facts there presented, and not extended to a case like that now under consideration, where no possible agency can be claimed to exist" (pp. 215, 216).

In *New York, etc., Railway Co.* v. *New Jersey Electric Railway Co.* (60 N. J. Law, 338) the court held that a bailor is not responsible to a third party for the negligent act of a bailee in the use of the thing hired since the contract of bailment is entirely an independent one and the liabilities of the bailor and bailee to third parties are essentially independent of each other.

The rule governing agency in the use by another of one's vehicle with the latter's knowledge or consent, is clearly defined in the case of *Van Blaricom* v. *Dodgson* (220 N. Y. 111). There the defendant owned an automobile for family use and had permitted his son to use it for the son's individual pleasure and accommodation. The son, while so using it, so negligently operated the car as to kill plaintiff's intestate. It was sought to hold the father, the owner of the car, liable on the theory that his son, the driver of the car, was his agent. The court held that the father was not liable under such circumstances.

I am cognizant of the fact that the law as laid down in the

*Fischer* and *Van Blaricom Cases* (*supra*) has been changed specifically by legislation (Section 59 of the Vehicle and Traffic Law, formerly section 282-e of the Highway Law), which, in part, reads: " Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

This enactment of the Legislature created the relation of principal and agent, master and servant, between the owner and the borrower by reason of the assent of the owner of a motor vehicle to its use by the borrower. The statute applies only to the owner of a motor vehicle or motor cycle, presumably because of the inherently dangerous nature of this type of vehicles, and that except so far as the statute expressly specifies the types of vehicles to which it shall be applicable, the rule of the common law relating to principal and agent, master and servant, as to vehicles propelled by muscular power, still prevails.

The weight of authority seems to sustain the rule that, where the relation is merely one of bailor and bailee, the bailor is not liable for the negligence of the bailee except in cases where, by statute, the operation of certain types of vehicles upon the highway creates a liability against the owner for damages to a third party, predicated upon the theory of principal and agent or master and servant by reason of the owner's express or implied permission or authority to another to use such vehicle. (*Gochee* v. *Wagner*, 257 N. Y. 344; *Heissenbuttel* v. *Meagher*, 162 App. Div. 752; *Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Farthing* v. *Strouse*, 172 App. Div. 523; *Tanzer* v. *Read*, 160 id. 584; *Maher* v. *Benedict*, 123 id. 579; *New York, etc., Railway Co.* v. *New Jersey Electric Railway Co.*, 60 N. J. Law, 338; *Doran* v. *Thomsen*, 76 id. 754; *Town of Knightstown* v. *Musgrove*, 116 Ind. 121; *Virginia Railway Co.* v. *Gorsuch*, 120 Va. 655; 91 S. E. 632; *Director General* v. *Pence's Adm'x*, 135 Va. 329; 116 S. E. 551; *Cohen* v. *Meador*, 119 Va. 429; 89 S. E. 876; *Parker* v. *Wilson*, 179 Ala. 361; *McFarlane* v. *Winters*, 47 Utah, 598; 155 Pac. 437; *Johnston* v. *Cornelius*, 193 Mich. 115; 159 N. W. 318; *Smith* v. *Jordan*, 211 Mass. 269; *Campbell* v. *Arnold*, 219 id. 160.)

The motion for a reargument of defendant's motion to dismiss plaintiffs' complaint at the end of plaintiffs' case is granted, and upon such reargument defendant's said motion is denied and a new trial granted. The case is set for a new trial on February 15, 1932.