**ZELLER v. A. S. LA NASA BAKERY, Inc.***

No. 16450.

Court of Appeal of Louisiana. Orleans.

Jan. 25, 1937.

*Rehearing denied Feb. 23, 1937.

O. S. Livaudais, of New Orleans, for appellant.

Guion & Schulze, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff and defendant own adjoining properties in this city in the square bounded by St. Claude and St. Maurice avenues and Marais and Tupelo streets. Defendant is engaged in business as a bakery, and, desiring to increase its facilities, it decided to erect a larger building and, in the erection, to construct a party wall on the line which separates the two properties. It made no effort to compel plaintiff to pay any portion of the cost, but she (plaintiff) objects to the erection of the wall because of the fact that a part of the foundation below the surface of the ground will extend beyond the property line on her side and also because the said wall, so she maintains, will interfere with the free access of light and air to the dwelling which is located on her property and which she occupies as a residence.

Defendant bases its right to erect the said wall on article 675 et seq. of the Civil Code, the first of which articles (675) reads as follows:

"He who first builds in the cities and towns, or their suburbs, of this State, in a place which is not surrounded by walls, may rest one-half of his wall on the land of his neighbor, provided he builds with stones or bricks at least as high as the first story, and not in frame or otherwise; and provided the whole thickness of this wall do not exceed eighteen inches, not including the plastering, which must not be more than three inches.

"But he can not compel his neighbor to contribute to the raising of this wall."

Plaintiff seeks to enjoin the erection of the said wall, contending that, since the adoption of certain ordinances by the governing authorities of the city of New Or-

leans, which ordinances are known as the zoning laws and the building code, and which ordinances were authorized by constitutional amendment and statute, the articles of the Code concerning party walls have been repealed and are no longer effective.

Defendant concedes that, since the said ordinances were legally adopted as the result of constitutional amendment and state statute and have been held to be constitutional enactments, the codal provisions which may be in conflict with provisions of the said ordinances are subordinated thereto, but maintains that the said articles of the Code are not, by the effect of the said ordinances, entirely annulled, and it also maintains that there is nothing in the said ordinances which in any way prevents the application of the codal articles to the particular section or zone of the city in which this wall is being erected.

Temporary restraining order having issued, defendant was permitted to bond the same and to proceed with the contemplated work. When the matter came up for trial on the question of plaintiff's right to a permanent injunction, judgment was rendered against her and she has taken this appeal.

■ Article 675 of the Code would be decisive of this case were it not for the ordinances, constitutional amendment, and the statutes to which plaintiff directs our attention. These are Acts No. 76 of 1910, No. 27 of 1918, No. 305 of 1926, and No. 240 of 1926, section 29, article 14 of the Constitution of 1921, as amended, and Ordinances No. 9357 and 11,302, C.C.S. We feel that it is unnecessary to identify or explain further the various statutes and ordinances, or to quote therefrom. Suffice it to say that, as a result thereof, the city of New Orleans has legally zoned the territory within its limits and has adopted a building code which governs the construction of buildings in the various zones. A reading of the ordinances and statutes indicates plainly that it was not the purpose of the lawmakers to effect a general repeal of the codal provisions with reference to party walls and that those codal provisions still remain in full force and effect except where they conflict with provisions of the ordinances.

■ That it was not intended that such building code and zoning ordinances should have the effect of repealing all codal articles concerning party walls and other structures generally is plainly indicated in Federal Land Bank v. John D. Nix, Jr., Enterprises, 166 La. 566, 117 So. 720, 722, in which the court said that such an ordinance "superseded" the codal article "in so far * * * as the ordinance is in conflict with that article." Such ordinances have been held to be constitutional wherever they were adopted, under the police power which exists in municipalities, to legislate in the interest of public health, safety, morals, or general welfare. See Nectow v. City of Cambridge et al., 277 U.S. 183, 48 S.Ct. 447, 72 L.Ed. 842; State of Washington ex rel. Seattle Title Trust Company v. Roberge, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210, 86 A.L.R. 654; Village of Euclid et al. v. Ambler Realty Company, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016; State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260. It necessarily follows that, if such ordinances are constitutional only because they are adopted under the police power and as health, safety, moral, or general welfare measures, they cannot be construed as having the effect of repealing or annulling general laws except to the extent that those general laws, if effective, might affect the safety, the morals, the health, or the general welfare of the public.

■ As we have said, we can find no intention, express or implied, in the said ordinances to do away with the time-honored party wall provisions of our Code. The lawmakers have merely recognized that, for the betterment of health and for the improvement of general living conditions, thickly populated cities should be permitted to zone themselves and to provide that, in certain zones, only certain types of structures may be erected, and that, when such zoning is undertaken, the general laws concerning structures, such as party walls, must yield to the requirements of such special zoning or building ordinances. Since the codal provision granting the right to construct a party wall is not totally repealed, but is only superseded where it conflicts, we must examine those sections of the ordinances which are pointed to by plaintiff as prohibiting the erection of a wall, such as that contemplated here, to see whether there is a conflict between them concerning a party wall in the particular place in which defendant is attempting to erect one.

Counsel for plaintiff directs our attention to certain prohibitions appearing on page 187 of the so-called zoning ordinance, No. 11,302, C.C.S. These provisions read as follows:

"1. No insufficient yard space shall be still further reduced.

"2. No insufficient lot area per family shall be still further reduced.

"3. No alteration or addition should be made that will exceed the height limit."

He argues that the wall in question, being on the property line, will violate all three of the provisions above quoted. But he overlooks the fact that the three said prohibitions are contained in that section of the Code which controls structures in the " 'K' Industrial District" and have no application whatever to properties or structures located in the " 'I' Industrial Districts" and that the provisions with reference to said " 'I' Industrial Districts" contain no such prohibitions.

He next calls attention to certain provisions which appear on page 181 of the ordinance and which read as follows:

" * * * No rear yard shall be required except where the 'I' Industrial District abuts on a Residence or Apartment District in which case there shall be a rear yard of not less than ten (10) feet.

"Side Yard. Not required except on that side of a lot abutting upon the side of a lot zoned for dwelling purposes in which case there shall be a side yard of not less than three (3) feet. In all other cases a side yard if provided shall be not less than three (3) feet. * * *"

It is true that these provisions do appear in that section of the ordinance which controls structures in the "I" industrial zone, and it is argued that, a rear yard and a side yard of certain minimum dimensions being required, there will be no such yard on the property of the baking company if a wall is placed on the property line itself. But a mere reading of those provisions shows that they have no application to the situation which is presented here, for the reason that, though they apply to "I" industrial districts, they do so only at that point at which such districts abut upon residence or apartment districts, or where an "I" industrial district abuts upon the side of a lot which is "zoned" for residence purposes. The entire square in which both properties are located is contained within an "I" industrial district. No part of it abuts upon a residence or an apartment district and no part of it abuts upon the side of a lot zoned for dwelling purposes. Therefore, although both of these provisions are contained within that section of the ordinance controlling "I" industrial districts, neither has any application to the particular properties with which we are concerned.

Counsel for plaintiff calls attention to two other provisions of the zoning ordinance which are found on page 173, in section 10 thereof. They read as follows:

"Sec. 10. Non-Conforming Use. (a) Existing use of Land: Be it further Ordained, etc., That the lawful use of land existing at the time of the passage of this ordinance, although such use does not conform to the provisions hereof, may be continued except as hereinafter provided in paragraphs (c) and (d), but if such non-conforming use is discontinued prior to the time allowed in paragraphs (c) and (d), any further use of said land shall be in conformity with the regulations of the district in which it is situated. * * *

"(c) Vacant Buildings. No building used for commercial or industrial purposes and located in a residence or apartment district, according to the provisions of this ordinance, which hereafter becomes and remains vacant for a continuous period of six (6) calendar months shall again be used except in conformity with the regulations of the district in which such building is situated; provided, too, that this regulation shall also apply to vacant buildings last used for commercial or industrial purposes and situated in a residence or apartment district at the time of the passage of this ordinance."

Attention is directed to the first provision and particularly to the fact that property which may be contained in a zone, which does not conform to the requirements of that particular zone, may, under certain conditions, be used for the purpose for which it was used prior to the adoption of the ordinance, and it is argued from this that plaintiff is given the right to continue to use her property as a residence, although it is located in an "I" industrial zone. There is nothing whatever in the work which defendant contemplates which will in any way prevent plaintiff from continuing to use her property as a residence.

We do not see that the other provision quoted has any application whatever to the situation.

■ There is one thing to which we think it necessary to call attention and that is the fact that the wall, which is being erected by the defendant, does not itself extend beyond the property line except below the surface, and we have given thought to the question of whether or not a wall of that type is in effect a party wall, since the article of the Code—675—which gives the right to construct party walls, in effect describes

such a wall as one one-half of which rests on the land of a neighbor, and it is only where a party wall is erected that any part of the neighbor's land may be taken. But it has been held that, where a party wall is erected on the property line and only a portion of the foundation extends over the line, nevertheless such wall is a party wall and a portion of the neighbor's property may be used for the foundation.

In Murrell v. Fowler, 3 La.Ann. 165, this exact situation was found. There the court held the wall to be a party wall for the reason that the neighbor might at any time make use thereof by paying the proper proportion of the cost. That the facts of that case are identical with those found here is evident, for there appears in the decision the following: "The wall is entirely on the land of the plaintiff. It is two bricks thick in the first story, * * * the foundation, however, projecting seventeen inches at its base under the surface of the defendants' lot. * * * The district judge, under article 680 [now 684] of the Code, allowed the plaintiff the value of one half of the wall and of nine inches of ground; and we think the defendants can be permitted to hold and use the wall on no other conditions."

While it is true that there is no provision in the article of the Code governing the right to use an additional width for purposes of foundation of the wall, the absolute necessity for such additional width has been recognized by judicial decision and it has been held that, where such additional property must be used to support the wall which is contemplated, the additional ground may be taken below the surface.

In Heine et al. v. Merrick et al., 41 La. Ann. 194, 5 So. 760, 764, 6 So. 637, the controversy arose over the fact that the plaintiffs extended the foundation of the contemplated wall beyond the nine-inch width provided for by the Code. The court stated the controversy as follows:

"Defendants claim that plaintiffs have violated their rights of property without warrant of law by extending the foundation of the new wall on their land beyond nine inches, and beyond the width of the old foundation. * * *

"Hence, say the defendants, the only warrant which the law gives to one proprietor to invade the property of his neighbor for the purpose of establishing a wall originally is limited to the extent of one-half of an 18-inch wall, or 9 inches; and that, if he wishes to build a thicker wall, he must take all the additional soil required from his own estate; and they add that these provisions, being in derogation of the rights of ownership, must be strictly construed, and must not be extended beyond the very letter of the law."

In discussing those contentions, the court said:

"We concede that these provisions are to be strictly construed; but such strictness cannot be carried to the point of attaching an impossible meaning to the law or rendering it practically nugatory.

"We might assume as self-evident two physical facts, both of which are, however, fully proved in this record, viz.: (1) That in this city and in most portions of this state, a wall, in order to support the weight of buildings, must necessarily be provided with a foundation considerably wider than the wall itself; (2) that in order to secure the benefits of the foundation the wall must rest upon its center.

"We are bound to assume that the legislature was aware of such facts, and legislated with reference to them.

"Hence, when the Code authorized the proprietor to rest one-half of an 18-inch wall on the land of his neighbor, it necessarily included authority to rest such wall upon the center of a foundation adequate to support it and therefore extending a greater distance upon the land of each."

We believe the wall in question to be a party wall in the sense that the plaintiff may, at any time in the future, obtain the use thereof by paying the proportion of the cost. The foundation may therefore extend so far as is reasonably necessary beyond the property line.

We also feel that there is nothing in the law of this state, nor in the ordinances of the city, which has the effect of prohibiting the erection of the wall in question, and that therefore the judgment refusing the injunction is correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.